

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EUCLIDES SOTO, LOUIS A. MARTINEZ, )
JOSE RAMIREZ, CLEMENTE HERNANDEZ, )
CESAR PIZARO, ELISON PENA, )
JUAN COLON, JOSE ORTIZ, RAFAEL TORRES,)
ANGEL BAEZ, ANTONIO MARTINEZ, )
WILFREDO ORTIZ, EULOGIO ORTIZ, )   Civil Action No.
MIRRAIN MIRANDA, RAFAEL MORENO, )   04-10892-JLT
NELSON ACEVEDO, and )
RAMON RODRIQUEZ, )
                                )
            Plaintiffs, )
                                )
v. )
                                )
SHERMAN-FEINBERG CORPORATION, )
FARNSWORTH FIBRE CORPORATION, )
and UNITED STEELWORKERS OF AMERICA, )
LOCAL 421-U, )
                                )
            Defendants. )
_____ )

## ANSWER

**Parties:**

1.    Defendant United Steelworkers of America, Local Union 421-U ("Union"),

admits that Plaintiffs were employed by Defendants Sherman-Feinberg Corporation, Farnsworth

Fibre Corporation ("Employer") and were members of the Union, but denies that Plaintiffs are

currently employed by Defendant Employer or are currently members of the Union. The Union admits that Plaintiffs are Hispanic. The Union lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and therefore denies same.

2.  The Union admits that Local 421-U is a local of the United Steelworkers of America, AFL-CIO/CLC. By way of further answer, the Union states that the address of an International Union sub-district office (and not a local) of the United Steelworkers of America, AFL-CIO/CLC is 100 Medway Road, Suite 403, Milford Massachusetts 01757. The Union denies the remaining allegations in Paragraph 2 of the Complaint.

3.  The Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies same.

4.  The Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies same.

**Jurisdiction and Venue:**

5.  The Union admits that Plaintiffs filed an action alleging events occurring within this judicial district and that proper venue over Plaintiffs' Complaint lies in this Court under 28 U.S.C. §1391. The Union denies the remaining allegations in Paragraph 5 of the Complaint.

6.  Admitted.

7.  Denied.

**Allegations in the Claims:**

8.  The Union admits that the Union and Employer were parties to a Collective Bargaining Agreement dated November 1, 2002 – October 31, 2006. By way of further answer,

2

the Union states that the agreement terminated upon the Employer's discharge of bargaining unit employees in November 2003. The Union denies the remaining allegations in Paragraph 8 of the Complaint.

9. The Union admits that the Employer laid off first shift employees on November 14, 2003. By way of further answer, the Union states upon information and belief that the Employer laid off second shift employees a week prior to that. The Union also admits that the Employer did not bargain over its decision to lay off employees. To the extent that the remaining allegations in Paragraph 9 of the Complaint constitute conclusions of law, no response is required. To the extent that the remaining allegations require a response, they are denied.

10. It is admitted that Union Staff Representative Lowell Alexander met with Kenneth Doucette, an Employer representative, before the terminations of bargaining unit employees. The Union denies the remaining allegations in Paragraph 10 of the Complaint.

11. To the extent that the allegations in Paragraph 11 of the Complaint constitute conclusions of law, no response is required. To the extent that the allegations in Paragraph 11 require a response, they are denied. The Union further denies the allegation in Paragraph 11 concerning Plaintiffs' subjective recollections regarding whether interpreters were available at the Company, for lack of knowledge or information sufficient to form a belief as to the truth of that allegation.

12. The Union admits that it did not file a grievance regarding the discharge of bargaining unit employees in November 2003. By way of further answer, the Union states that it

filed grievances regarding issues related to the layoffs or discharges of bargaining unit employees in November 2003. The Union denies the remaining allegations in Paragraph 12 of the Complaint.

13. The Union admits that Plaintiffs' attorney, Robert Berger, wrote to the Union's sub-district office in Milford, Massachusetts, on March 4, 2004, on behalf of Plaintiffs and requested that a grievance be filed regarding the terminations of employees in November 2003. With respect to grievances filed over the terminations, the Union refers the Court to its answer in Paragraph 12 of this Answer. The Union denies the remaining allegations in Paragraph 13 of the Complaint.

14. To the extent that the allegations in Paragraph 14 of the Complaint constitute conclusions of law, no response is required. To the extent that the allegations in Paragraph 14 require a response, they are denied.

15. To the extent that the allegations in Paragraph 15 of the Complaint constitute conclusions of law, no response is required. The Union admits that Plaintiffs have filed administrative claims regarding certain allegations made in their Complaint. The Union denies the allegation contained in Paragraph 15 with respect to future actions to be filed and remedies to be claimed by Plaintiffs, for lack of knowledge or information sufficient to form a belief as to the truth of that allegation. The Union lacks knowledge or information sufficient to form a belief as to whether Jose Ortiz was provided with a copy of the Union Constitution or a draft of the Collective Bargaining Agreement before it was signed, and therefore denies same. To the extent that the remaining allegations in Paragraph 15 require a response, they are denied.

16. The Union admits that a Collective Bargaining Agreement between it and the Employers existed, but states that said Collective Bargaining Agreement speaks for itself.

17. The Union lacks knowledge or information sufficient to form a belief regarding the allegations concerning safety in Paragraph 17 of the Complaint. The Union denies that it has not provided educational programs for Local 421-U, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it did not provide apprenticeship or safety programs. The Union denies the remaining allegations in Paragraph 17 of the Complaint.

18. To the extent that the allegations in Paragraph 18 of the Complaint constitute conclusions of law, no response is required. To the extent that the allegations in Paragraph 18 require a response, they are denied.

19. Plaintiffs' prayer for relief does not state allegations which require a response. To the extent a response is required, the Union denies the validity of the relief sought and denies that Plaintiffs are entitled to any damages or other relief from the Union.

### First Affirmative Defense:

20. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense:

21. Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

### Third Affirmative Defense:

22. Plaintiffs have not exhausted their remedies under the Collective Bargaining Agreement for the claims alleged.

WHEREFORE, Defendant Union requests that the Court dismiss all claims against the Union in their entirety, and award Defendant Union its reasonable costs and attorneys' fees incurred in the defense of Plaintiffs' claim.

Respectfully submitted,

Dated: September 15, 2004

*/s/ Harold Lichten*
Harold L. Litchten, BBO 549689
Pyle, Rome, Litchten, Ehrenberg
  & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

Theresa Merrill
Assistant General Counsel
United Steelworkers of America
Five Gateway Center
Pittsburgh, PA 15222
(412) 562-2533

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail, postage prepaid on the attorney of record for each party on September 15, 2004.

*/s/ Harold Lichten*
Harold L. Lichten

# PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Kathrine D. Shea

M. Amy Carlin
Catherine Highet
Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon

***Tod A. Cochran
Of COUNSEL

***Also admitted in California

*Also admitted in Maine
**Also admitted in New York

FILED
2004 SEP 15 P 12: 05
U.S. DISTRICT COURT
DISTRICT OF MASS

September 15, 2004

## VIA HAND DELIVERY

Civil Clerk's Office
U.S. District Court for the
  District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re: <u>Euclides Soto, et al. v. Sherman-Feinberg Corporation, et al.</u>
U.S. District Court, Civil Action No. 04-10892-JLT

Dear Sir or Madam:

Enclosed please find for filing defendant's Answer in connection with the above-referenced matter.

Thank you for your assistance in this matter.

Sincerely,

Harold Lichten
Harold L. Lichten

HLL/cjn
Enclosure
cc:   The Honorable Joseph L. Tauro (courtesy copy)
      Robert O. Berger, Esq.
      Theresa Merrill Stones, Esq.