UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
EUCLIDES SOTO, LOUIS A. MARTINEZ,            )
JOSE RAMIREZ, CLEMENTE HERNANDEZ,            )
CESAR PIZARO, ELISON PENA,                   )
JUAN COLON, JOSE ORTIZ, RAFAEL TORRES,       )
ANGEL BAEZ, ANTONIO MARTINEZ,                )
WILFREDO ORTIZ, EULOGIO ORTIZ,               )     Civil Action No.
MIRRAIN MIRANDA, RAFAEL MORENO,              )     04-10892-JLT
NELSON ACEVEDO, and                          )
RAMON RODRIQUEZ,                             )
                                             )
                  Plaintiffs,                )
                                             )
v.                                           )
                                             )
SHERMAN-FEINBERG CORPORATION,                )
FARNSWORTH FIBRE CORPORATION,                )
and UNITED STEELWORKERS OF AMERICA,          )
LOCAL 421-U,                                 )
                                             )
                  Defendants.                )
_____     )

**MOTION TO REVISE DISCOVERY ORDER**

Union Defendants, by their attorney, hereby move this Honorable Court to revise

the discovery order issued in this case on January 5, 2005.  As grounds for this motion,

defendants' counsel states as follows:[1]

1.      A scheduling conference was scheduled in the above-titled case for

January 4, 2005 at 10:30 a.m., although counsel for defendant received no electronic

notification of such conference.

2.      On January 3, 2005, after returning from vacation, counsel for defendant,

the undersigned, checked all of the court's electronic notifications to him and the

---

[1]      This motion is supported by the Affidavit of Cindy Nile, office manager of Pyle, Rome, Lichten,
Ehrenberg & Liss-Riordan, P.C.

PACER system in order to ascertain the date and time of the conference, and whether it was scheduled on January 4th. Some time ago, counsel for the defendants was made aware that there might be a hearing on January 4, 2005, the time of which he presumed to be in the afternoon, as with most other scheduling conferences. During the early morning of January 4, 2005, counsel for the defendants attempted to contact the court, left phone messages and also left a phone message for plaintiffs' attorney, Robert O. Berger, and again checked PACER to ascertain when the conference was scheduled. Because defendants' counsel is signed up to receive all court notices by email, all electronic notices in this case were reviewed to determine the time, but no date could be found. Given that the scheduled hearing was not on PACER, was not subject to any electronic notification, and that neither the court nor counsel for plaintiffs returned phone calls, it was believed that the matter may not have actually been scheduled for January 4, 2005.

3.      At approximately 12:00 p.m. on January 4, 2005, counsel for the defendant's secretary was finally able to contact Zita Lovett, who then informed the undersigned that the matter was on for 10:30 that morning and that counsel for the defendants had not been present. Counsel for the defendants explained to Ms. Lovett that he had been trying to ascertain the actual date and time of the hearing for the last day, but to no avail.

4.      It was counsel for the defendants that drafted the draft discovery schedule and arranged to have it filed with the court after being approved by counsel for the plaintiffs. In that discovery order, counsel for the defendants has requested to depose

only the plaintiffs and two other individuals who are officials of the company at which they worked.  These deposition requests are eminently reasonable.

     5.     Accordingly, counsel for the defendants respectfully requests this Court to revise its discovery order to permit counsel for the defendants to take the depositions which it requests in its proposed discovery schedule.  Those depositions simply include short depositions of each of the plaintiffs, and up to two depositions of company officials.

     6.     It would be particularly difficult for defendant's counsel to properly defend this case without taking discovery since (1) to date defendant's counsel has received no automatic discovery; and (2) defendant's counsel is unable to ascertain from the complaint the gravamen of plaintiffs' claims against the union defendants.

        WHEREFORE, it is requested that this motion be granted.

                                Respectfully submitted,

                                s/Harold L. Lichten
                                Harold L. Lichten, BBO 549689
                                Pyle, Rome, Lichten, Ehrenberg
                                  & Liss-Riordan, P.C.
                                18 Tremont St., Ste. 500
                                Boston, MA  02108
                                (617) 367-7200

                                Theresa Merrill
                                Assistant General Counsel
                                United Steelworkers of America
                                Five Gateway Center
                                Pittsburgh, PA  15222
Dated:  January 11, 2005             (412) 562-2533

CERTIFICATE OF ATTEMPT TO CONFER

I hereby certify that I am counsel for the defendant union in the above-titled action, that on January 4, 2005 I emailed and faxed to counsel for plaintiff a draft of the motion to revise discovery order and requested his assent, and followed that request up with several telephone calls, but have received no response

/s/Harold L. Lichten_____
Harold L. Lichten

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail, postage prepaid on the attorney of record for each party on January 11, 2005.

s/Harold L. Lichten_____
Harold L. Lichten