UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIQUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> SHERMAN-FEINBERG CORPORATION, FARNSWORTH FIBRE CORPORATION, UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, and UNITED STEELWORKERS OF AMERICA, <br><br> Defendants. | Civil Action No. 04-10892-JLT |

**ANSWER OF DEFENDANTS UNITED STEELWORKERS OF AMERICA, LOCAL 421-U AND UNITED STEELWORKERS OF AMERICA
TO AMENDED COMPLAINT**

**Parties:**

1.      Defendants United Steelworkers of America, Local Union 421-U (the "Local") and United Steelworkers of America, AFL-CIO/CLC (the "International") (collectively, the "Union") admit that Plaintiffs were employed by Defendants Sherman-Feinberg Corporation, Farnsworth Fibre Corporation ("Employer") and were members of the Union, but deny that Plaintiffs are currently employed by Defendant Employer or are currently members of the Union.

The Union admits that Plaintiffs are Hispanic. The Union lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Amended Complaint, and therefore denies same.

2.   The Union admits that Local 421-U is a local of the United Steelworkers of America, AFL-CIO/CLC. By way of further answer, the Union states that the address of an International Union sub-district office (and not a local) of the United Steelworkers of America, AFL-CIO/CLC is 100 Medway Road, Suite 403, Milford Massachusetts 01757. The Union denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3.   The Union admits that the United Steelworkers of America, AFL-CIO/CLC is an international labor organization with its headquarters located in Pittsburgh, Pennsylvania.

4.   The Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint, and therefore denies same.

5.   The Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint, and therefore denies same.

**Jurisdiction and Venue:**

6.   The Union admits that Plaintiffs filed an action alleging events occurring within this judicial district and that proper venue over Plaintiffs' Complaint lies in this Court under 28 U.S.C. § 1391. The Union denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7.   Admitted.

8.   The Union admits that on December 27, 2004,the Massachusetts Commission Against Discrimination dismissed the claims filed by the Plaintiffs. The Union denies the remaining allegations of Paragraph 8 of the Amended Complaint.

**Allegations Regarding Breach of Duty of Fair Representation and/or Fiduciary Duty:**

9.  The Union admits that the Union and Employer were parties to a Collective Bargaining Agreement dated November 1, 2002 – October 31, 2006. By way of further answer, the Union states that the agreement terminated upon the Employer's discharge of bargaining unit employees in November 2003. The Union denies the remaining allegations in Paragraph 9 of the Amended Complaint.

10. The Union admits that the Employer laid off first shift employees on November 14, 2003. By way of further answer, the Union states upon information and belief that the Employer laid off second shift employees a week prior to that. The Union also admits that the Employer did not bargain over its decision to lay off employees. To the extent that the remaining allegations in Paragraph 10 of the Amended Complaint constitute conclusions of law, no response is required. To the extent that the remaining allegations require a response, they are denied.

11. It is admitted that Union Staff Representative Lowell Alexander met with Kenneth Doucette, an Employer representative, before the terminations of bargaining unit employees. The Union denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12. To the extent that the allegations in Paragraph 12 of the Amended Complaint constitute conclusions of law, no response is required. To the extent that the allegations in Paragraph 12 require a response, they are denied. The Union further denies the allegation in Paragraph 12 concerning Plaintiffs' subjective recollections regarding whether interpreters were available at the Company, for lack of knowledge or information sufficient to form a belief as to the truth of that allegation.

13. The Union admits that it did not file a grievance regarding the discharge of bargaining unit employees in November 2003. By way of further answer, the Union states that it filed grievances regarding issues related to the layoffs or discharges of bargaining unit employees in November 2003. The Union denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14. The Union admits that Plaintiffs' attorney, Robert Berger, wrote to the Union's sub-district office in Milford, Massachusetts, on March 4, 2004, on behalf of Plaintiffs and requested that a grievance be filed regarding the terminations of employees in November 2003. With respect to grievances filed over the terminations, the Union refers the Court to its answer in Paragraph 13 of this Answer. The Union denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15. To the extent that the allegations in Paragraph 15 of the Amended Complaint constitute conclusions of law, no response is required. To the extent that the allegations in Paragraph 15 require a response, they are denied.

16. To the extent that the allegations in Paragraph 16 of the Amended Complaint constitute conclusions of law, no response is required. The Union admits that Plaintiffs filed administrative claims regarding certain allegations made in their Amended Complaint. The Union denies the allegation contained in Paragraph 16 with respect to remedies to be claimed by Plaintiffs, for lack of knowledge or information sufficient to form a belief as to the truth of that allegation. The Union lacks knowledge or information sufficient to form a belief as to whether Jose Ortiz was provided with a copy of the Union Constitution or a draft of the Collective Bargaining Agreement before it was signed, and therefore denies same. To the extent that the remaining allegations in Paragraph 16 require a response, they are denied.

17. The Union admits that a Collective Bargaining Agreement between it and the Employers existed, but states that said Collective Bargaining Agreement speaks for itself.

18. The Union lacks knowledge or information sufficient to form a belief regarding the allegations concerning safety in Paragraph 18 of the Amended Complaint. The Union denies that it has not provided educational programs for Local 421-U, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it did not provide apprenticeship or safety programs. The Union denies the remaining allegations in Paragraph 18 of the Amended Complaint.

19. To the extent that the allegations in Paragraph 19 of the Amended Complaint constitute conclusions of law, no response is required. To the extent that the allegations in Paragraph 19 require a response, they are denied.

**Allegations Regarding Violation of Discrimination Laws BY Union and its Local:**

20. The Union reasserts its answers in paragraphs 1-19 above.

21. Denied.

22. To the extent that the allegations in Paragraph 22 of the Amended Complaint constitute conclusions of law, no response is required. The Union denies the allegation contained in Paragraph 22 with respect to rights asserted and remedies to be claimed by Plaintiffs, for lack of knowledge or information sufficient to form a belief as to the truth of that allegation.

23. The Union admits that the Plaintiffs are Hispanic but otherwise denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.    To the extent that the allegations in Paragraph 24 of the Amended Complaint constitute conclusions of law, no response is required.  To the extent that the allegations in Paragraph 24 require a response, they are denied.

25.    The Union admits that the Plaintiffs are Hispanic, that Plaintiffs were employed by the Employer, and that the Plaintiffs were members of the Union at the time of their employment with the Employer.  The Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations that various Plaintiffs lost fingers and suffered burns while working for the Employer and therefore denies same.  The Union denies the remaining allegations of Paragraph 25 of the Amended Complaint.

26.    Denied.

27.    Denied.

28.    The Union lacks knowledge or information sufficient to form a belief regarding the allegations concerning safety in Paragraph 28 of the Amended Complaint.  The Union denies that it has not provided educational programs for Local 421-U, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it did not provide apprenticeship or safety programs.  The Union denies the remaining allegations in Paragraph 28 of the Amended Complaint.

29.    The Union admits that the Employer laid off first shift employees on November 14, 2003, and states upon information and belief that the Employer laid off second shift employees a week prior to that.  By way of further answer, the Union admits that a Collective Bargaining Agreement between it and the Employers existed, but states that said Collective Bargaining Agreement speaks for itself.  The Union denies the remaining allegations in Paragraph 29 of the Amended Complaint.

30. To the extent that the allegations in Paragraph 30 of the Amended Complaint constitute conclusions of law, no response is required. To the extent that the allegations in Paragraph 30 require a response, they are denied.

31. To the extent that the allegations in Paragraph 31 of the Amended Complaint constitute conclusions of law, no response is required. To the extent that the allegations in Paragraph 31 require a response, they are denied.

32. Plaintiffs' prayer for relief does not state allegations which require a response. To the extent a response is required, the Union denies the validity of the relief sought and denies that Plaintiffs are entitled to any damages or other relief from the Union.

### First Affirmative Defense:

33. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense:

34. Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

### Third Affirmative Defense:

35. Plaintiffs have not exhausted their remedies under the Collective Bargaining Agreement for the claims alleged.

7

WHEREFORE, Defendant Union requests that the Court dismiss all claims against the Union in their entirety, and award Defendant Union its reasonable costs and attorneys' fees incurred in the defense of Plaintiffs' claim.

        Respectfully submitted,

Dated: April 20, 2005

    __s/Alfred Gordon_____
Harold L. Lichten, BBO # 549689
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA  02108
(617) 367-7200

Theresa Merrill
Assistant General Counsel
United Steelworkers of America
Five Gateway Center
Pittsburgh, PA  15222
(412) 562-2533

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail, postage prepaid on the attorney of record for each party on April 20, 2005.

    __s/Alfred Gordon_____
Alfred Gordon