UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EUCLIDES SOTO, LOUIS A. MARTINEZ, )
JOSE RAMIREZ, CLEMENTE HERNANDEZ, )
CESAR PIZARO, ELISON PENA, )
JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, )
ANGEL BAEZ, ANTONIO MARTINEZ, )
WILFREDO ORTIZ, EULOGIO ORTIZ, )   Civil Action No.
MIRRAIN MIRANDA, RAFAEL MORENO, )   04-10892-JLT
NELSON ACEVEDO, and )
RAMON RODRIQUEZ, )
)
         Plaintiffs, )
)
v. )
)
SHERMAN-FEINBERG CORPORATION, )
FARNSWORTH FIBRE CORPORATION, )
UNITED STEELWORKERS OF AMERICA, )
LOCAL 421-U, and UNITED STEELWORKERS )
OF AMERICA, )
)
         Defendants. )

### AFFIDAVIT OF ATTORNEY ALFRED GORDON

I, Alfred Gordon, being first duly sworn, depose and state as follows:

1. I am one of the counsel of record in the above-referenced case for the Defendant United Steelworkers of America, Local 421-U and the Defendant United Steelworkers of America (collectively, the "Union").

2. I attended the Scheduling Conference in the above-referenced matter on April 5, 2005, as the representative for the Union.

3. During the Scheduling Conference, the Plaintiffs, through their counsel, requested that the parties mediate the dispute. While noting that the Union did not believe this matter could be resolved prior to summary judgment motions, the Union acceded to the Court's

suggestion that the Union engage in mediation. The Court asked the Plaintiffs about the cost of mediation and further noted that the Court could not force a party to pay for mediation that it did not want to attend. At the conclusion of this discussion, the Court ordered the Plaintiffs' counsel to contact the other parties and make all arrangements for the mediation by May 6, 2005.

4. Toward the conclusion of the Scheduling Conference, I asked the Court to set a schedule for the filing of summary judgment motions and responses. The Court responded that it would not set a date for such motions until after the mediation but that such motions could be filed at any time.

5. On April 21, 2005, having not heard from the Plaintiffs regarding mediation, Union Counsel Harold L. Lichten sent a letter to Plaintiffs' Counsel Robert Berger stating that the Union did not object to mediation through the Federal Court mediation program but would oppose private mediation because of the cost involved. [See Attachment 1.] Attorney Lichten noted his availability for mediation in the month of May. Id.

6. On May 6, 2005, Plaintiffs filed a Status Report with the Court stating that the Union was agreeable to mediation. However, at no time did the Plaintiffs contact the Union to make arrangements for mediation.

7. In the intervening time, while waiting for the Plaintiffs to arrange mediation as directed by the Court, the Union began preparing a motion for summary judgment together with a lengthy and comprehensive memorandum in support of that motion.

8. On July 1, 2005, the Court set a jury trial date of July 25, 2005. The Court did not set any schedule for the filing of summary judgment motions or issue an order for a pre-trial conference or other pre-trial matters.

9. On July 13, 2005, the Court transferred the case to Magistrate Judge Neiman for alternative dispute resolution. However, in a conversation with Docket Clerk Kimberly Abaid on July 15, 2005, I learned that the Court had not canceled the July 25, 2005, trial date.

10. The Union has nearly completed its summary judgment motion and memorandum and is prepared to file such motion on or before July 22, 2005. The motion, if granted, would dispose of all of the issues in this case.

Subscribed and sworn under the pains and penalties of perjury this 15th day of July, 2005.

_____
Alfred Gordon

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

M. Amy Carlin
Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault

*Also admitted in Maine
**Also admitted in New York

Tod A. Cochran
OF COUNSEL

April 21, 2005

Robert O. Berger, Esq.
11 Beacon Street, Ste. 1210
Boston, MA 02108

Re:   Euclides Soto, et al. v. Sherman-Feinberg Corporation, et al.
      U.S. District Court, Civil Action No. 04-10892-JLT

Dear Mr. Berger,

I am writing to you with regard to the Court's order that we try to arrange for mediation.

My clients have no objection to mediation before one of the Federal Court mediators involved in the Federal Court mediation program. However, my clients are not agreeable at this time to mediation with a private mediator because of the cost involved.

I have availability in May for dates for mediation if you wish to contact the Federal Court mediation program and obtain dates when they may have availability.

Finally, with regard to the handwritten post-script on your letter of April 11, 2005, asking when you can "go through the Local's files," I assume you are responding to the notation in my December 21, 2004, letter regarding the existence of a file in the United Steelworkers' office in Milford, Massachusetts, entitled Farnsworth Fibre. I have had the Local's entire Farnsworth Fibre file copied and have enclosed a copy of all the non-privileged documents with this letter.

Attachment A

PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

Robert O. Berger, Esq.
April 21, 2005
Page 2

If you have any questions about this matter, you may contact Attorney Alfred Gordon or myself.

Sincerely,

Harold L. Lichten

Enclosure

cc:   Theresa Merrill (without enclosure)
      Alfred Gordon, Esq.