UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA AND ITS LOCAL 421-U, ET AL.<br><br>DEFENDANTS | NO. 04-10892-JLT |

## **OPPOSITION TO MOTION TO CONTINUE CASE**

The plaintiffs oppose the motion to continue for the following reasons:

1. The Union lawyers did not even appear at the pretrial conference. They waived any right to establish a schedule for motions in the case.

2. The plaintiffs have subpoenaed the witnesses for trial and met with witnesses on various occasions to prepare for trial.

3. The Union lawyers have had since the first pretrial conference that they did not attend to prepare their summary judgment papers.

4. There is no reason to delay the trial. Various plaintiffs lost fingers and suffered burns of their bodies at Farnsworth while the Steelworker's were their union.

Each plaintiff is Hispanic, who worked for Farnsworth. During the entire course of his employment, each was a dues-paying member of Local 421-U (District 4) of the United States Steelworkers of America. During the entire course of his employment, the union failed to provide any of them with the privileges accorded to non-Hispanic union members. The union failed to engage management in any way (including failing to file grievances) to address the issues of an unsafe workplace. The union failed to put in place any worker's compensation, OSHA, apprentice, training, or educational program at his work site and never invited the Hispanic workers to the Union meetings. On November 7 and 14, 2003, the first and second shifts, respectively, were laid off and shop closed. The entire shop had been placed on notice on October 31, 2004 that the shop was closing. The union did nothing to address the lay off issue, although the contract gives it the right to grieve the closing. The membership attempted to enlist the aid of the International Steelworkers Union regarding the local's complete failure to represent the membership. The International did nothing. The terms of collective bargaining agreement and the failure to bargain about the effects of the layoff were unlawful. The union admits that other shops got plant closing protections. Also, the union never audited the employer, even when rumors were rampant about a plant closing. In essence, the union is being called to task for taking dues from Hispanic members in a sweat-shop where fingers were lost and bodies incinerated.

5. It is hard to imagine that letting Hispanic members be burned in industrial fires and to lose digits in a sweat shop involves conduct that American law protects for the good of labor unions, especially when their high-hat attitude reaches the level of not

2

attending a court conference. The Union does its blame-shifting again: this time it was the plaintiff's fault about mediation scheduling.

6. The case has been scheduled by the Magistrate Judge Kenneth P. Neiman for mediation on the 21st of July 2005.

7. The affidavit submitted here by the Union is based on speculation: The Union did not bother to attend the first pretrial conference or comment on it.

8. No good deed goes unpunished: the plaintiffs should have requested a default at the original pretrial conference. This submission is adding insult to injury to the court and should be denied with the assessment of costs of responding to it.

Respectfully submitted,

/s/ Robert O. Berger
Dated: July 15, 2005　　　　　Robert O. Berger, BBO# 038900
John Lee Diaz, Esq.
11 Beacon Street, Suite 1210
Boston, MA 02108
(617) 423-7575
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served by first class mail, postage pre-paid on the attorney of record for each party on July 15, 2005.

/s/ Robert O. Berger
Robert O. Berger, Esq.