UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIGUEZ,<br>Plaintiffs,<br><br>v.<br><br>SHERMAN-FEINBERG CORPORATION, FARNSWORTH FIBRE CORPORATION, UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, AND UNITED STEELWORKERS OF AMERICA,<br>Defendants. | CIVIL ACTION<br>NO.: 04-10892-JLT |

## MOTION TO STRIKE MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT

Now come the Plaintiffs and move to strike the Motion for Summary Judgment for the following reasons:

1. In a prepared Joint Order, counsel for the plaintiff and the counsel for the defendant agreed that despositive motions would be filed by July 1, 2005 but the motion was served on counsel on July 20, 2005 after work hours.

2. The motion memorandum is in excess of twenty-pages and exceeds the twenty-page limitation in the rules. The supporting materials exceed 1,000 pages.

3. Although the case is scheduled for trial on July 25, 2005, this motion was filed on July 20, 2005 after 5:00 p.m., which is not even ten days prior to the deadline for a motion for summary judgment.

4. The motion negates serious consideration by the court, and it is false in the presentation of the rules of time periods for this kind of claim. See . Mercado v. The Ritz Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41 (1st Cir. 2005)[1]

---

[1] Significantly, the First Circuit has ruled that an employer's failure to post statutory notices informing employees of their legal rights provides an affirmative basis for applying equitable tolling in the context of a Title VII suit and established six separate equitable grounds for tolling. Mercado v. The Ritz Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41 (1st Cir. 2005)(where the employees have asserted that no informational notices were posted and that they had no knowledge of their legal rights until informed by their attorney, they have met the threshold requirements for avoiding dismissal of their suit). Here no informational notices were posted.

> Here, where appellants have asserted that no informational notices were posted and that they had no knowledge of their legal rights until informed by their attorney, they have met the threshold requirements for avoiding dismissal of their Title VII suit. *See Kale*, 861 F.2d at 753 ("If . . . the employee has no knowledge of his rights and his ignorance is due to misleading conduct by the defendant *or* failure of the defendant to post the required EEOC notices, then an initial case for equitable tolling has been made.") (emphasis added). The viability of their claims beyond that preliminary stage will depend, however, upon facts that have yet to be developed.

> Courts generally weigh five factors when considering whether to allow equitable tolling in a particular case: "'(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the [filing] requirement.'" *Kelley v. N.L.R.B.*, 79 F.3d 1238, 1248 (1st Cir. 1996) (quoting *Kale*, 861 F.2d at 752).

Respectfully Submitted,

*[signature]*
John Lee Diaz, Esq.
Robert O. Berger, BBO #: 038900
11 Beacon Street, Suite 1210
Boston, MA 02108
Tel (617) 423-7575

---

These factors are not exhaustive, however; "[i]t is in the nature of equity to entertain case-specific factors that may counsel in favor of tolling." .

The factual inquiry in the trial will examine the failure of the union to post notices, process grievances, invite the Hispanic membership to meetings and only appearing for contract negotiations so that the plaintiffs are strong on this point.