IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIQUEZ,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>SHERMAN-FEINBERG CORPORATION, FARNSWORTH FIBRE CORPORATION, UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, and UNITED STEELWORKERS OF AMERICA,<br>　　　　　　Defendants. | Civil Action No.<br>04-10892-JLT |

_____

OPPOSITION OF THE DEFENDANTS UNITED STEELWORKERS,
LOCAL 421-U AND UNITED STEELWORKERS TO THE PLAINTIFFS' MOTION
TO STRIKE DEFENDANTS' SUMMARY JUDGMENT MOTION

Now come the Defendants United Steelworkers, Local 421-U and United Steelworkers (collectively the Union) and hereby file this opposition to the Plaintiffs' motion to strike the Union's motion for summary judgment. As reasons therefore, the Union states as follows:

　　　1.　　In paragraph 1 of their Motion to Strike, the Plaintiffs note that the parties submitted a joint scheduling statement (on December 29, 2004), proposing that dispositive motions be filed by July 1, 2005. However, what the Plaintiffs fail to state is that the Court never adopted the scheduling statement. Rather, on

1

January 5, 2005, the Court issued a scheduling order regarding discovery and settlement discussions and setting a further conference date but setting no schedule for dispositive motions. On motion from the Union, the Court revised its order on February 2, 2005, with regard to discovery matters but without changing the scheduling order.

Thereafter, on April 5, 2005, the Court held a further conference in this case. At this conference, the Plaintiffs requested to mediate the case, and the Union agreed. [See Gordon Affidavit, attached as Exhibit 1 to Motion to Indefinitely Postpone the Trial.] At the conclusion of the conference, the Union requested that the Court set a date for dispositive motions pursuant to Local Rule 7.1(A). Id. The Court refused to set any schedule for dispositive motions until after mediation, and the Court's order following the conference reflects no such schedule. Id.

Both at the April 5, 2005, conference and in the Order issued that date, the Court ordered the Plaintiffs to make all arrangements for mediation and to report back to the Court on May 6, 2005, as to the time, date, and place of mediation. However, the Plaintiffs made no such arrangements as required by the Court, and in their status report on May 6, the Plaintiffs merely reported that the Union was willing to mediate but that the Corporate Defendants were not. Thereafter, the Plaintiffs made absolutely no further attempt to schedule mediation, and mediation did not occur in this case until the Court ordered the parties to appear on July 21, 2005. However, by the time the Court scheduled the mediation session, the Court

had already scheduled a trial date without any further scheduling conference and without setting any schedule for dispositive motions as the Union had requested.

Thereafter, on July 15, 2005, ten days before the scheduled trial in this matter, the Union filed a motion to indefinitely postpone the trial so that dispositive motions could be filed. The Union then filed its summary judgment motion on July 20, 2005, which, if granted, would dispose of all of the claims at issue.

Therefore, as a matter of judicial economy and in conformance with Local Rule 7.1(A), the Court should allow the Union's motion for summary judgment to stand and set a schedule for any opposition and reply briefs. Such course would allow the Court to dismiss the case in its entirety without the expense of empanelling a jury, or at the very least, to significantly narrow the issues that would be heard at trial.

2.   In paragraph 2 of the Motion to Strike, the Plaintiffs note that the Union's memorandum of law in support of its summary judgment motion exceeds twenty (20) pages. However, as required by Local Rules and in accordance with common practice before this Court, the Union filed a Motion for Leave to File a memorandum in excess of twenty (20) pages. The Plaintiffs' second ground therefore is inapposite to whether the Court should allow the Union's motion to stand.

3.   In paragraph 3 of the Motion to Strike, the Plaintiffs note that the summary judgment motion was not filed ten (10) days in advance of the trial.

However, as noted above, supra ¶ 1, Local Rule 7.1(A) requires the Court to set a schedule for the filing of such motions, and the Court specifically declined to set such a schedule until after mediation. Mediation was not conducted until July 21, 2005, and the Union's summary judgment motion was filed before mediation occurred. Moreover, the Union filed its motion to postpone the hearing ten (10) days before the hearing and has thus adequately preserved these issues.

    4.    Finally, in paragraph 4 of their motion to strike and the accompanying footnote, the Plaintiffs cite to and make arguments on a recent First Circuit decision regarding equitable tolling of the statute of limitations in Title VII actions. As an initial matter, the argument the Plaintiffs make in paragraph 4 are not grounds for striking the summary judgment motion but rather more properly belong in an opposition to the summary judgment motion. Moreover, the Plaintiffs' argument addresses only one of the several arguments upon which the Union's summary judgment motion is based, so even were the Plaintiffs able to demonstrate a question of material fact regarding equitable tolling, the Court could still dismiss the entire action based on the remaining arguments supporting the Union's motion for summary judgment.

    Furthermore, and importantly, the fact that the Plaintiffs cite this case and make such an ardent argument about equitable tolling reveals that the Plaintiffs are aware that their case is hanging by a thread and is likely to be dismissed as time barred. This realization demonstrates the need for summary judgment at this

stage of the proceedings, as decisions regarding statutes of limitations are exactly the type of legal matters courts typically resolve at the summary judgment stage.

For these reasons, the Plaintiffs respectfully request that this Court deny the Plaintiffs' motion to strike the Union's summary judgment motion and set a schedule for the filing of cross-motions, oppositions, and reply briefs.

Respectfully submitted,

Dated:  July 22, 2005

\_\_\_s/Alfred Gordon_____
Harold L. Lichten, BBO # 549689
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA  02108
(617) 367-7200

Theresa Merrill
Assistant General Counsel
United Steelworkers of America
Five Gateway Center
Pittsburgh, PA  15222
(412) 562-2533

### CERTIFICATE OF SERVICE

I hereby certify that, in addition to electronic filing, a true copy of the above Opposition to the Plaintiffs' Motion to Strike was served on the attorneys of record for each party by U.S. Mail on July 22, 2005.

\_\_\_s/Alfred Gordon_____
Alfred Gordon