# DOCUMENT EXHIBIT

# DEMAND LETTER TO UNITED STEELWORKERS OF AMERICA DATED MARCH 4, 2004

## Law Offices of

# Robert O. Berger

100 State Street, Suite 900
Boston, Massachusetts 02109
Tel (617) 423-7575
Fax (617) 273-8000
Email: RobertBergerR@aol.com

VIA CERTIFIED AND FIRST-CLASS MAIL

March 4, 2004

United Steelworkers of America, District No. 4
100 Medway Road
Milford, MA 01757

Dear Sir or Madam:

Please be advised that I represent the following individuals: Euclides Soto, Louis A. Martinez, Jose Ramirez, Clemente Hernandez, Cesar Pizaro, Elison Pena, Juan Colon, Jose Ortiz, Rafael Torres, Angel Baez, Antonio Martinez, Wilfredo Ortiz, Eulogio Ortiz, Mirrain Miranda, Rafael Moreno, Nelson Acevedo, and Ramon Rodriguez. This letter is being sent to you under the provisions of the November 1, 2002-October 31, 2006 Agreement between Sherman-Feinberg Corporation and the Farnsworth Fibre Corporation ("Employers"), and U.S.W.A. Local 421-U ("Union"), the National Labor Relations Act, state and federal antidiscrimination laws, and the constitution of the United Steel Workers of America. All of the above-mentioned individuals in the bargaining unit are Hispanic, employed by said Employers, and members of said Union.

Shop Steward, Jose Ortiz, took up the question of the protection of said individuals under the Agreement with Kenneth J. Doucette, agent of the Employers. No adjustment was reached within forty-eight (48) hours. The Employers gave notice of termination to second-shift employees on November 7, 2003, and to first-shift employees on November 14, 2003.

Before the terminations, on or about November 12, 2003, Lowell Alexander of the Union met with Kenneth Doucette of the Employers. Next, Ortiz met with Alexander; Alexander told him that the Union could do nothing. The dispute was not submitted in writing by the Union or the Employers and presented for adjustments to the company's representative and the Union's representative. Therefore, the individuals hereby demand that a grievance be filed and a complaint lodged about the interpretation, application, or compliance with the terms of the Agreement with respect to the terminations. The failure to do so will be considered an action predicated upon racially discriminatory motivation, which is a breach of the duty of fair representation and breach by the Employers of the labor contract. The above-referenced employees demand that

there be adjustment or grievance of the terminations of said employees to the extent that the Agreement provides relief.

The above-referenced individuals also assert that their rights have been violated as set forth under the provisions of M.G.L. c. 151B, §4(2) and the federal laws regarding employment discrimination. The individuals are in a protected class due to their national heritage and have been treated in a disparate manner. They will assert their rights for remedies beyond the scope of the National Labor Relations Act, including but not limited to: front wages, punitive damages, interest, costs, and attorneys' fees. Above all, there is no overlap between the Employers' and Unions' labor practices and discriminatory conduct. For example, the Shop Steward, Jose Ortiz, was not provided with the Union Constitution. Significantly, the Agreement does not provide for the effects of the terminations of said employees. Nor does the Agreement reflect effects bargaining. We submit that the Union and the companies are liable for all remedies available under the state and the federal anti-discrimination laws.

Kindly within fourteen (14) days respond adequately to this demand for relief to the extent that you, and/or your agents, have engaged in unfair labor practices and/or breached the duty of fair representation within the meaning of the National Labor Relations Act. Furthermore, the above-referenced individuals expressly reserve the right to pursue claims under state and federal antidiscrimination laws.

Sincerely,

Robert O. Berger, Esq.

ROB/mmh

# DOCUMENT EXHIBIT

# RESPONSE LETTER FROM UNITED STEELWORKERS OF AMERICA DATED MARCH 18, 2004



# United Steelworkers of America

AFL-CIO·CLC

Five Gateway Center
Pittsburgh, PA 15222

412-562-2400 • 412-562-2484 (Fax)

March 18, 2004

Robert O. Berger, Esquire
100 State Street, Suite 900
Boston, MA 02109

Re: Closing of Farnsworth Fibre Corporation and Sherman Feinberg Corporation

Dear Mr. Berger:

Lowell Alexander, staff representative for the United Steelworkers of America, AFL-CIO/CLC, forwarded me your letter dated March 4, 2004. In that letter you stated that you represent seventeen former employees of Farnsworth Fibre Corp. and Sherman Feinberg Corp. Your letter of March 4th contains vague accusations that the Company discriminated against certain employees on the basis of national heritage, but fails to state why their terminations were discriminatory or unfair under the circumstances, where all bargaining unit employees of the Company were terminated pursuant to a plant shut down. It is also unclear what exactly is being asked of the Union.

In mid-October 2004, Mr. Alexander and shop steward Jose Ortiz met with Union members and separately with the Company to discuss the pending shutdown of the facility and to answer employee questions about its effect on their benefits. On November 10, 2004, the Company informed second shift employees upon their reporting for work that they were permanently laid off/ terminated. The facility closed on November 14, 2004, and by that time all bargaining unit employees had been terminated.

Although you stated that "the dispute was not submitted in writing by the Union or the Employers and presented for adjustments to the company's representative and the Union's representative," the Union did file and resolve three grievances in November 2003 regarding issues related to the shut down of the facility. On November 14, 2004, the Union filed written grievances over the Company's obligations to abide by provisions of the collective bargaining agreement dealing with bumping on the basis of seniority, report pay and medical insurance coverage. Those grievances were signed by Jose Ortiz. The Company and Union settled those grievances on November 19, 2004, with the Company agreeing to compensate affected employees amounts as a remedy for the bumping, call-in pay and medical insurance grievances. Jose Ortiz was made aware of the grievance adjustments on November 19, 2004. Significantly, since those grievances were resolved, no employee has approached Lowell Alexander requesting that he file a grievance over any matter.

In your letter you stated that the individuals "hereby demand that a grievance be filed and a complaint lodged about the interpretation, application, or compliance with the terms of the Agreement with respect to the terminations" – but you fail to state what provisions of the collective bargaining agreement the Company violated. Inasmuch as there are unresolved issues of discrimination involving these employees, the employees should contact Lowell Alexander at (508) 482-5555. Or you may contact me to discuss those issues.

Finally, in your letter you request that the Union "within fourteen (14) days respond adequately to this demand for relief to the extent that you, and/or your agents, have engaged in unfair labor practices and/or breached the duty of fair representation within the meaning of the National Labor Relations Act." The Union has not breached the collective bargaining agreement or its duty of fair representation, engaged in unfair labor practices, or violated any other employment and labor statutes with regard to the plant shutdown and severance of these employees. The Union objects to any characterization you have made that it violated its duty toward these employees.

Sincerely,

*Theresa Merrill Stones*

Theresa Merrill Stones
Assistant General Counsel


TMS/ju
cc:   Louis Thomas, District Director, USWA
      Lowell Alexander, Staff Representative

# DOCUMENT EXHIBIT

# LETTER TO UNITED STEELWORKERS OF AMERICA DATED APRIL 1, 2004

LAW OFFICES OF

# ROBERT O. BERGER

100 STATE STREET, SUITE 900
BOSTON, MASSACHUSETTS 02109
TEL (617) 423-7575
FAX (617) 275-8000
EMAIL: RobertBergerR@aol.com

LEGAL DEPT.
U. S. W. A.
APR 5 2004
PITTSBURGH, PA

April 1, 2004

Theresa Merrill Stones
Assistant General Counsel
United Steelworkers of America
Five Gateway Center
Pittsburgh, PA 15222

Re: Closing of the Farnsworth Fibre Corporation and Sherman Feinberg Corporation

Dear Attorney Stones:

Thank you for discussing this matter with me on March 31, 2004. You have shown that it is futile for my clients, who are Hispanics protected by federal and state law, to deal with your union.

In your obfuscating, mean-spirited letter, dated March 18, 2004, you claimed on Page Two, Paragraph One:

> [Y]ou fail to state what provisions of the collective bargaining agreement that the Company violated. Inasmuch as there are unresolved issues of discrimination involving these employees, the employees should contact Lowell Alexander .... or you may contact me.

While your union purported to represent them, two of your members lost two fingers at the Company plant and there have been two fires at the Company plant. No Union Steward has been provided with the Constitution; he was only provided with a final version of the collective bargaining agreement. The union has not provided apprenticeship, educational, or safety programs. I also informed you that, although grievances were filed on behalf of a number of employees, they certainly were not filed on behalf of all of the employees who lost their jobs. Lowell Alexander failed to communicate with the employees in Spanish. No client recalls a Spanish interpreter being available at the Company. Thus, the collective bargaining agreement itself does not amount to fair representation. The union's failure to bargain about the effect of the layoffs simply disregards the law.

Thus, after our conversation, it is obvious that there is no reason to continue to try to deal with your union, and the matters at hand shall be brought to the attention of the EEOC and the Massachusetts Commission Against Discrimination. Your subprofessional behavior of slamming the telephone down in the midst of our conversation does not reflect well on your union.

Sincerely,

*Robert O. Berger*

Robert O. Berger, Esq.

# DOCUMENT EXHIBIT

# RESPONSE LETTER FROM UNITED STEELWORKERS OF AMERICA DATED APRIL 7, 2004



# United Steelworkers of America
AFL-CIO·CLC

Five Gateway Center
Pittsburgh, PA 15222

412-562-2400 • 412-562-2484 (Fax)

Writer's Direct Dial (412) 562-2533
Writer's Facsimile (412) 562-2574

April 7, 2004

Robert O. Berger, Esquire
100 State Street, Suite 900
Boston, MA 02109

Re: Closing of Farnsworth Fibre Corporation and Sherman Feinberg Corporation

Dear Mr. Berger:

In your letter dated April 1, 2004, you again fail to state what you are asking of the United Steelworkers of America on behalf of former employees of Farnsworth Fibre Corporation and Sherman Feinberg Corporation. To address one of your repeated concerns regarding effects bargaining, Staff Representative Lowell Alexander did engage in effects bargaining regarding the plant's closure—which bargaining resulted in settlements of grievances over bumping rights, report pay and payment of medical insurance. Moreover, in mid-October 2003, Mr. Alexander and Mr. Ortiz met with the membership to discuss the pending closure of the facility and to answer members' questions. The International Union provided an interpreter at that meeting.

You have referred to two fires at the Farnsworth Fibre Corporation/ Sherman Feinberg Corporation facility and two members' loss of fingers at the plant, but have failed to provide me with specific information about those incidents—such as when they occurred—despite my repeated requests from you for more specific information. You made no mention of whether you or members brought those issues to the attention of the Company after the alleged incidents occurred at the facility, which closed in November 2003. Indeed, your complaints concern Company conduct, not Union conduct. You have not stated that Staff Representative Lowell Alexander knew about the alleged incidents and, indeed, Mr. Alexander confirmed that no members brought any safety issues to his attention. Moreover, it appears that your client, shop steward Jose Ortiz, did not file grievances over safety issues.

During our conversation, I reminded you that Mr. Ortiz was a shop steward during the relevant period when the facility closed in November 2003 and responsible for grieving disputes with the Company and breaches of the collective bargaining agreement. Mr. Ortiz, having signed several grievances pursuant to the plant shutdown, was familiar with the grievance machinery used and conceivably would have filed grievances over safety infractions. As for your comments about the Union Constitution, that document is freely available to local union representatives and I understand the situation to be that Mr. Ortiz did not avail himself of one.

Robert O. Berger, Esquire
April 7, 2004
Page 2

The Union rejects your claims that the collective bargaining agreement or the Union's conduct are discriminatory or violate a duty of fair representation. Your failure to give me specific information about what you are asking the Union to do indicates the paucity of any alleged claims. The Union objects to any characterization you have made that it violated its duty toward these employees. Moreover, I have a different recollection than you about how our conversation ended. That is, I did not slam the phone down on you. At the end of the conversation I asked again what was being asked of the Union, and informed you that I would be ending the telephone call because you did not provide specific information. I invited you to put in writing what was being asked of the Union.

As I stated before, if you can provide me with specific information about what you want the Union to do under the current circumstances—where the facility has been closed for several months and where several grievances had already been settled pursuant to the closing—then feel free to contact me again.

Sincerely,

Theresa Merrill Stones
Assistant General Counsel

TMS/mlr
cc:   Louis Thomas, District Director, USWA
      Lowell Alexander, Staff Representative (w/attachment)

# DOCUMENT EXHIBIT

# MCAD CHARGE FORM DATED MAY 7, 2004

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | | |
|---|---|---|
| U.S. Steelworkers of America, Local 421-4<br>Chief Executive Officer<br>100 Medway Road<br>Milford, MA 01757 | Person Filing Charge:<br>This Person (Check One):<br><br>Date of Alleged Violation:<br>Place of Alleged Violation:<br>EEOC Charge Number: | Eulogio Ortiz<br>(x) Claims to be aggrieved<br>( ) Is filing on behalf of<br>11/14/03<br>Milford,<br>16CA401576 |
| U.S. Steelworkers of America<br>Chief Executive Officer<br>5 Gateway Center<br>Pittsburgh, PA 15222 | MCAD Docket Number: | 04BEM01228 |

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS (See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)
Has been received by
[ ]    The EEOC and sent for initial processing to    MCAD
                                                             (FEP Agency)
[x]    The Mass. Commission Against Discrimination
        (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X]    As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]    An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X]    Enclosure: Copy of the Charge

Basis of Discrimination

EEOC Charge Number 16CA401576, EEOC Transmittal Letter to Respondent

| (x) Race | (x) Color | ( ) Sex | ( ) Religion | ( ) National Origin |
| ( ) Age | ( ) Disability | ( ) Retaliation | ( ) Other | |

Circumstances of alleged violation:
SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|---|---|---|
| 5/10/2004 | Robert L. Sanders, Director | |

# The Commonwealth of Massachusetts
## Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

5/10/2004

U.S. Steelworkers of America, Local 421-4
Chief Executive Officer
100 Medway Road
Milford, MA 01757

RE: Eulogio Ortiz vs. U.S. Steelworkers of America, Local 421-4, U.S. Steelworkers of America
MCAD Docket Number: 04BEM01228
EEOC/HUD Number: 16CA401576

Dear Respondent Party:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint, which alleges that you have committed an act or acts of discrimination. A copy of that complaint is enclosed. State law requires the Commission to conduct an impartial review of these allegations.

State law requires that you submit a formal written answer to the complaint in the form of a Position Statement, attested to under oath by a principal of the Respondent other than representing counsel. This Position Statement should be submitted to the Attorney Assisted Unit of the MCAD within twenty-one (21) days of receipt of this notification. At the same time a copy must also be served on the Complainant's attorney by mail to the address listed below.

Please note that you must include in the Position Statement one of the following statements:

I am (or Respondent is) represented by an attorney in this matter.
                    -OR-
I am (or Respondent is) not represented by an attorney in this matter.

Failure to submit an accurate statement may result in adverse action being taken against you as the Respondent. Please note that if your representational situation changes, you must notify the Commission immediately.

The Commission encourages parties to consider rapid, informal, and voluntary resolution of disputes as an alternative to the often lengthy and expensive litigation process. To discuss the possibility of settlement, please contact the opposing counsel. If both parties express interest in mediation, then contact the undersigned for further information.

Enclosed please find the AAU Practice Guide designed to address the most frequently asked questions about the Attorney Assisted Unit. If you have any further questions pertaining to this investigation, please contact the undersigned at (617) 994-6042. **Please note: this case will be assigned to an attorney investigator upon receipt of all required pleadings.**

Sincerely,

Geraldine A. Fasnacht

MCAD Docket Number 04BEM01228, Serve Respondent - AAU

Acting Supervisor
Attorney Assisted Unit (AAU)

Cc:


Robert O. Berger, Esq.
Attorney at Law
11 Beacon Street, Suite 1210
Boston, MA 02108