LAW OFFICES OF

# ROBERT O. BERGER

100 STATE STREET, SUITE 900
BOSTON, MASSACHUSETTS 02109
TEL (617) 423-7575
FAX (617) 275-8000
EMAIL: RobertBergerR@aol.com

VIA CERTIFIED AND FIRST-CLASS MAIL

March 4, 2004

United Steelworkers of America, District No. 4
100 Medway Road
Milford, MA 01757

Dear Sir or Madam:

    Please be advised that I represent the following individuals: Euclides Soto, Louis A. Martinez, Jose Ramirez, Clemente Hernandez, Cesar Pizaro, Elison Péna, Juan Colon, Jose Ortiz, Rafael Torres, Angel Baez, Antonio Martinez, Wilfredo Ortiz, Eulogio Ortiz, Mirrain Miranda, Rafael Moreno, Nelson Acevedo, and Ramon Rodriguez. This letter is being sent to you under the provisions of the November 1, 2002-October 31, 2006 Agreement between Sherman-Feinberg Corporation and the Farnsworth Fibre Corporation ("Employers"), and U.S.W.A. Local 421-U ("Union"), the National Labor Relations Act, state and federal antidiscrimination laws, and the constitution of the United Steel Workers of America. All of the above-mentioned individuals in the bargaining unit are Hispanic, employed by said Employers, and members of said Union.

    Shop Steward, Jose Ortiz, took up the question of the protection of said individuals under the Agreement with Kenneth J. Doucette, agent of the Employers. No adjustment was reached within forty-eight (48) hours. The Employers gave notice of termination to second-shift employees on November 7, 2003, and to first-shift employees on November 14, 2003.

    Before the terminations, on or about November 12, 2003, Lowell Alexander of the Union met with Kenneth Doucette of the Employers. Next, Ortiz met with Alexander; Alexander told him that the Union could do nothing. The dispute was not submitted in writing by the Union or the Employers and presented for adjustments to the company's representative and the Union's representative. Therefore, the individuals hereby demand that a grievance be filed and a complaint lodged about the interpretation, application, or compliance with the terms of the Agreement with respect to the terminations. The failure to do so will be considered an action predicated upon racially discriminatory motivation, which is a breach of the duty of fair representation and breach by the Employers of the labor contract. The above-referenced employees demand that

United Steelworkers of America, District No. 4
3/4/2004
Page 2

there be adjustment or grievance of the terminations of said employees to the extent that the Agreement provides relief.

    The above-referenced individuals also assert that their rights have been violated as set forth under the provisions of M.G.L. c. 151B, §4(2) and the federal laws regarding employment discrimination. The individuals are in a protected class due to their national heritage and have been treated in a disparate manner. They will assert their rights for remedies beyond the scope of the National Labor Relations Act, including but not limited to: front wages, punitive damages, interest, costs, and attorneys' fees. Above all, there is no overlap between the Employers' and Unions' labor practices and discriminatory conduct. For example, the Shop Steward, Jose Ortiz, was not provided with the Union Constitution. Significantly, the Agreement does not provide for the effects of the terminations of said employees. Nor does the Agreement reflect effects bargaining. We submit that the Union and the companies are liable for all remedies available under the state and the federal anti-discrimination laws.

    Kindly within fourteen (14) days respond adequately to this demand for relief to the extent that you, and/or your agents, have engaged in unfair labor practices and/or breached the duty of fair representation within the meaning of the National Labor Relations Act. Furthermore, the above-referenced individuals expressly reserve the right to pursue claims under state and federal antidiscrimination laws.

Sincerely,

Robert O. Berger, Esq.

ROB/mmh