

# United Steelworkers of America

AFL-CIO·CLC

Five Gateway Center
Pittsburgh, PA 15222

412-562-2400 • 412-562-2484 (Fax)

March 18, 2004

Robert O. Berger, Esquire
100 State Street, Suite 900
Boston, MA 02109

Re:  Closing of Farnsworth Fibre Corporation and Sherman Feinberg Corporation

Dear Mr. Berger:

    Lowell Alexander, staff representative for the United Steelworkers of America, AFL-CIO/CLC, forwarded me your letter dated March 4, 2004. In that letter you stated that you represent seventeen former employees of Farnsworth Fibre Corp. and Sherman Feinberg Corp. Your letter of March 4th contains vague accusations that the Company discriminated against certain employees on the basis of national heritage, but fails to state why their terminations were discriminatory or unfair under the circumstances, where all bargaining unit employees of the Company were terminated pursuant to a plant shut down. It is also unclear what exactly is being asked of the Union.

    In mid-October 2004, Mr. Alexander and shop steward Jose Ortiz met with Union members and separately with the Company to discuss the pending shutdown of the facility and to answer employee questions about its effect on their benefits. On November 10, 2004, the Company informed second shift employees upon their reporting for work that they were permanently laid off/ terminated. The facility closed on November 14, 2004, and by that time all bargaining unit employees had been terminated.

    Although you stated that "the dispute was not submitted in writing by the Union or the Employers and presented for adjustments to the company's representative and the Union's representative," the Union did file and resolve three grievances in November 2003 regarding issues related to the shut down of the facility. On November 14, 2004, the Union filed written grievances over the Company's obligations to abide by provisions of the collective bargaining agreement dealing with bumping on the basis of seniority, report pay and medical insurance coverage. Those grievances were signed by Jose Ortiz. The Company and Union settled those grievances on November 19, 2004, with the Company agreeing to compensate affected employees amounts as a remedy for the bumping, call-in pay and medical insurance grievances. Jose Ortiz was made aware of the grievance adjustments on November 19, 2004. Significantly, since those grievances were resolved, no employee has approached Lowell Alexander requesting that he file a grievance over any matter.

Page Two
March 18, 2004

In your letter you stated that the individuals "hereby demand that a grievance be filed and a complaint lodged about the interpretation, application, or compliance with the terms of the Agreement with respect to the terminations" – but you fail to state what provisions of the collective bargaining agreement the Company violated. Inasmuch as there are unresolved issues of discrimination involving these employees, the employees should contact Lowell Alexander at (508) 482-5555. Or you may contact me to discuss those issues.

Finally, in your letter you request that the Union "within fourteen (14) days respond adequately to this demand for relief to the extent that you, and/or your agents, have engaged in unfair labor practices and/or breached the duty of fair representation within the meaning of the National Labor Relations Act." The Union has not breached the collective bargaining agreement or its duty of fair representation, engaged in unfair labor practices, or violated any other employment and labor statutes with regard to the plant shutdown and severance of these employees. The Union objects to any characterization you have made that it violated its duty toward these employees.

Sincerely,

Theresa Merrill Stones
Assistant General Counsel

TMS/ju
cc:   Louis Thomas, District Director, USWA
      Lowell Alexander, Staff Representative

2