LAW OFFICES OF

# ROBERT O. BERGER

100 STATE STREET, SUITE 900
BOSTON, MASSACHUSETTS 02109
TEL (617) 423-7575
FAX (617) 275-8000
EMAIL: ROBERTBERGERR@AOL.COM

LEGAL DEPT.
U. S. W. A.

APR 5 2004

PITTSBURGH, PA

April 1, 2004

Theresa Merrill Stones
Assistant General Counsel
United Steelworkers of America
Five Gateway Center
Pittsburgh, PA 15222

Re: Closing of the Farnsworth Fibre Corporation and Sherman Feinberg Corporation

Dear Attorney Stones:

Thank you for discussing this matter with me on March 31, 2004. You have shown that it is futile for my clients, who are Hispanics protected by federal and state law, to deal with your union.

In your obfuscating, mean-spirited letter, dated March 18, 2004, you claimed on Page Two, Paragraph One:

> [Y]ou fail to state what provisions of the collective bargaining agreement that the Company violated. Inasmuch as there are unresolved issues of discrimination involving these employees, the employees should contact Lowell Alexander .... or you may contact me.

While your union purported to represent them, two of your members lost two fingers at the Company plant and there have been two fires at the Company plant. No Union Steward has been provided with the Constitution; he was only provided with a final version of the collective bargaining agreement. The union has not provided apprenticeship, educational, or safety programs. I also informed you that, although grievances were filed on behalf of a number of employees, they certainly were not filed on behalf of all of the employees who lost their jobs. Lowell Alexander failed to communicate with the employees in Spanish. No client recalls a Spanish interpreter being available at the Company. Thus, the collective bargaining agreement itself does not amount to fair representation. The union's failure to bargain about the effect of the layoffs simply disregards the law.

Stones
4/1/2004
Page 2

Thus, after our conversation, it is obvious that there is no reason to continue to try to deal with your union, and the matters at hand shall be brought to the attention of the EEOC and the Massachusetts Commission Against Discrimination. Your subprofessional behavior of slamming the telephone down in the midst of our conversation does not reflect well on your union.

Sincerely,

*Robert O. Berger*

Robert O. Berger, Esq.