UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
EUCLIDES SOTO, LOUIS A. MARTINEZ, )
JOSE RAMIREZ, CLEMENTE HERNANDEZ, )
CESAR PIZARO, ELISON PENA, )
JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, )
ANGEL BAEZ, ANTONIO MARTINEZ, )
WILFREDO ORTIZ, EULOGIO ORTIZ, )
MIRRAIN MIRANDA, RAFAEL MORENO, )
NELSON ACEVEDO, and )
RAMON RODRIQUEZ, )
) Civil Action No.
          plaintiffs, ) 04-10892-JLT
)
v. )
)
SHERMAN-FEINBERG CORPORATION, )
FARNSWORTH FIBRE CORPORATION, )
UNITED STEELWORKERS OF AMERICA, )
LOCAL 421-U, and UNITED STEELWORKERS )
OF AMERICA, )
)
          Defendants. )
_____)

**DEFENDANTS UNITED STEELWORKERS,
LOCAL 421-U AND UNITED STEELWORKERS MEMORANDUM OF LAW IN
SUPPORT OF MOTION IN LIMINAE TO LIMIT OR EXCLUDE
EVIDENCE RELATING TO EMOTIONAL DISTRESS, PUNITIVE DAMAGES
AND FRONT PAY WITH RESPECT TO PLAINTIFFS' DUTY OF FAIR
REPRESENTATION CLAIMS**

I.    INTRODUCTION.

    In their most recent motion for attachment filed with is Court (which defendants vehemently oppose), the plaintiffs claim entitlement to millions of dollars in emotional distress, punitive damages, and front pay arising out of their duty of fair representation

1

claims. However, it is apparent that plaintiffs are unaware of controlling federal law which makes punitive damages, emotional distress damages, and front pay unavailable to the plaintiffs in this case. For this reason, the Court should preclude evidence relating to emotional distress, punitive damages and front pay on plaintiffs' duty of fair representation claims.

II.    PUNITIVATE DAMAGES ARE UNAVAILABLE IN A DUTY OF FAIR REPRESENTATION CLAIM.

In International Brotherhood of Electrical Workers v. Foust, 442 U.S. 42 (1979), the Supreme Court held squarely that punitive damages may not be assessed against a union that breaches its duty of fair representation towards its members.

> This limitation on union liability thus reflects an attempt to afford individual employees redress for injuries caused by union misconduct without compromising the collective interests of union members in protecting limited funds. To permit punitive damages, which by definition provide monetary relief in excess of actual loss . . . could undermine this careful accommodation. . . . Such awards could deplete union treasuries, thereby impairing the effectiveness of unions as collective bargaining agents. Inflicting this risk on employees, whose welfare depends upon the strength of their union, is simply too great a price for whatever deterant affect punitive damages may have.

Foust, supra, at 50.

Accordingly, plaintiffs' claim for punitive damages in their DFR claim, and any evidence that they would submit thereon, must be barred. Accordingly, this motion in limine should be granted.

III.  **EMOTIONAL DISTRESS AND FRONT PAY DAMAGES ARE NOT AVAILABLE FOR A VIOLATION OF THE DUTY OF FAIR REPRESENTATION IN A CASE SUCH AS THIS.**

In Soto Segarra v. Sea-Land Service, Inc., 581 F.2d 291 (1st Cir. 1978), the First Circuit squarely held that an award of emotional distress damages will not stand against a union except for egregious misconduct in circumstances not present here. The court also held that in a case such as this, where employees have lost their job because of employer action, the union may not be held responsible for those "damages attributable . . . to the employer's breach of contract" and such damages "should not be charged to the union." Rather, the union is only charged for increases in damages "if any in those damages caused by the union's refusal to process a grievance." Id. at 298. In this case, the employer shutdown its plant and is now defunct. Even if the union somehow could have secured severance pay, the union can certainly not be held responsible for front pay resulting from the employer's decision to shutdown. A union cannot as a matter of law prevent a plant from shutting down. Textile Workers v. Darlington Mfg., 380 U.S. 263, 274 (1985); First National Maintenance Corp. v. NLRB, 452 U.S. 666, 677-682 (1981).

Further, emotional distress damages are unavailable to the plaintiffs in this type of DFR claim:

> Even if the union's conduct were so extreme as to warrant compensation for mental distress, there was no evidentiary showing or judicial finding that the conduct was the proximate cause of all of appellee's mental suffering throughout his years of employment. . . . The union may only be held liable for the proportionate amount flowing from its conduct and not from the employer's wrongful discharge. . . . Damages for mental distress are only appropriate in cases of extreme misconduct.

Soto-Segarra, supra., at 298 (emphasis supplied).

3

Since the First Circuit's decision in Soto Segarra, supra, several circuit courts of appeal have agreed that the union's conduct must be palpably "outrageous" to impose emotional distress damages, and then only for emotional injuries actually proven at trial. See Baskin v. Howley, 807 F.2d 1120 (2nd Cir. 1986); Bloom v. International Brotherhood of Teamsters, 572 F.2d 1312 (1984) (insufficient evidence of "outrageous conduct").

In this case, the plaintiffs claims relate only to the union's failure to take affirmative action to protect them from harm caused by the employer. Indeed, each and all of the allegations by the plaintiffs relate to conduct of the employer, i.e. maintaining hazardous working conditions, allowing fires in the plant, and, most importantly, closing the plant without the payment of any severance pay. Even assuming *arguendo* that the union was deficient in taking affirmative action to prevent these things, there is no allegation whatsoever that the union itself took any action to harm the union members involved, to retaliate against them, or to intentionally deprive them of rights under the collective bargaining agreement. Rather, it is clear that under Soto Segarra, this is not a case where emotional distress damages could ever be warranted. Further, there are no allegations of physical force or violence or actual mental harm intentionally imposed on the plaintiffs by the defendant. Thus, there would be no basis for an award of emotional distress damages under plaintiffs' duty of fair representation claim.

CONCLUSION

For all of the reasons stated herein, the Court should grant defendants' motion to preclude evidence of emotional distress, punitive damages and front pay regarding plaintiffs' duty of fair representation claims.

                                  Respectfully submitted,
                                  UNITED STEELWORKERS, LOCAL 421-U
                                  AND UNITED STEELWORKERS,
                                  By their attorneys,

Dated: February 21, 2006                __s/Harold L. Lichten_____
                                                  Harold L. Lichten, BBO # 549689
                                                  Alfred Gordon, BBO # 630456
                                                  Pyle, Rome, Lichten, Ehrenberg
                                                     & Liss-Riordan, P.C.
                                                  18 Tremont St., Ste. 500
                                                  Boston, MA  02108
                                                  (617) 367-7200

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail on the attorney of record for each party on February 21, 2006.

                                                  __s/Harold L. Lichten_____
                                                  Harold L. Lichten