UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
EUCLIDES SOTO, LOUIS A. MARTINEZ,         )
JOSE RAMIREZ, CLEMENTE HERNANDEZ,   )
CESAR PIZARO, ELISON PENA,                       )
JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, )
ANGEL BAEZ, ANTONIO MARTINEZ,             )
WILFREDO ORTIZ, EULOGIO ORTIZ,              )
MIRRAIN MIRANDA, RAFAEL MORENO,         )
NELSON ACEVEDO, and                                   )
RAMON RODRIQUEZ,                                       )
                                                                    )    Civil Action No.
            plaintiffs,                                        )    04-10892-JLT
                                                                    )
v.                                                                 )
                                                                    )
SHERMAN-FEINBERG CORPORATION,        )
FARNSWORTH FIBRE CORPORATION,         )
UNITED STEELWORKERS OF AMERICA,       )
LOCAL 421-U, and UNITED STEELWORKERS )
OF AMERICA,                                                   )
                                                                    )
            Defendants.                                    )
_____)

**MOTION IN LIMINE OF THE DEFENDANTS UNITED STEELWORKERS,
LOCAL 421-U AND UNITED STEELWORKERS
TO PRECLUDE THE TAKING OF EVIDENCE RELATING TO
THE PLAINTIFFS' DUTY OF FAIR REPRESENTATION CLAIMS
<u>OCCURING BEFORE  NOVEMBER 5, 2003</u>**

Now come the Defendants, United Steelworkers, Local 421-U (the Local) and United Steelworkers (the International), and hereby submit this motion in limine to preclude the taking of evidence relating to the plaintiffs' duty of fair representation allegations that occurred beyond the relevant statute of limitations.

In their complaint, which originated in this Court on May 5, 2004, the plaintiffs' allege that the Unions violated their duty of fair representation to them with regard to

1

matters relating to the closing of the Farnsworth Fibre plant.  This Court applies the six-month statute of limitations from the National Labor Relations Act to claims alleging a failure in a Union's duty of fair representation.  DelCostello v. Teamsters, 462 U.S. 151 (1983) (a claim charging breach of the duty of fair representation must be brought within a six month statute of limitations); Goulet v. Carpenters District Council of Boston, 884 F.Supp. 17, 24 (D.Mass. 1994) (claims accrued at least one year prior to bringing action barred under statute of limitations).  The six-month statute of limitations therefore bars consideration of any incidents alleged by plaintiffs prior to November 5, 2003, including the plaintiffs' open-ended allegations that the Unions somehow failed to address safety concerns or failed to provide employees with privileges accorded to non-Hispanic employees.

Both the union and union members were aware that the company announced that the plant was being shutdown in early October of 2003.  (See Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment, ¶¶ 21-25.)  Indeed, the union held negotiations with the company in mid-October to see what could be done about the shutdown.  Id. at ¶¶ 21-25.  Further, the plant shutdown in early November. Id. at ¶¶ 23-26.  Putting aside whether or not plaintiffs' claims regarding grieving the - shutdown could have been filed within six months of the filing of this action, all of the other claims of the plaintiffs are clearly untimely.  These alleged actions or inactions by the union clearly precede November 5, 2003; indeed, the plant was virtually shutdown by that time.  Moreover, the bargaining between the union and the company with respect to the plant closing occurred in mid-October, still well before six months of the filing date of November 5, 2003.  All of the other claims asserted by the plaintiffs are

2

thus well beyond the six month DFR statute of limitations.  Those include the alleged lack of invitation to union meetings, "dust flying around," "fires constantly," "discriminating against us because they didn't help us," "machine cracked his finger." Again, all of these allegations regarding the conditions in the plant occurred long before November 5, 2003, since the plant was virtually shutdown at that time.  (See Plaintiffs' Motion for Attachment at pp. 7-8.)

A continuing violation theory simply does not apply to a duty of fair representation claim, and no court has ever so held.  Further, as described more fully in a separate motion in limine on the discrimination claims, under the Supreme Court's decision in National Railroad Passenger Corporation v. Morgan, 536 U.S. 101 (2002), the continuing violation theory is not applicable to discreet acts of discrimination or, in this case, breaches of the duty of fair representation.

Finally, the plaintiffs expected citation of Mercado v. Ritz Carleton San Juan Hotel, 410 F.3d 41 (1st Cir. 2005) is unavailing.  That case has nothing to do with a duty of fair representation claim, and there is no doctrine of "equitable tolling" for a duty of fair representation claim and none has been cited by plaintiffs.  Moreover, Mercado relates to the Doctrine of Equitable Tolling where "the employer" has failed to post required EEOC notices.  Such a failure to post notices by the employer cannot be held to impose liability on a union (who has no such duty) where the statute of limitations has already run.

## CONCLUSION

For all of these reasons, the Court should preclude plaintiffs from introducing evidence relating to claims of alleged violations of the duty of fair representation, which precede November 5, 2003.

Respectfully submitted,<br>
UNITED STEELWORKERS, LOCAL 421-U<br>
AND UNITED STEELWORKERS,<br>
By their attorneys,

Dated: February 21, 2006        \_\_s/Harold L. Lichten_____
                                Harold L. Lichten, BBO # 549689
                                Alfred Gordon, BBO # 630456
                                Pyle, Rome, Lichten, Ehrenberg
                                   & Liss-Riordan, P.C.
                                18 Tremont St., Ste. 500
                                Boston, MA  02108
                                (617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail on the attorney of record for each party on February 21, 2006.

                                \_\_s/Harold L. Lichten_____
                                Harold L. Lichten

4