UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIQUEZ, <br><br>plaintiffs, <br><br>v. <br><br>SHERMAN-FEINBERG CORPORATION, FARNSWORTH FIBRE CORPORATION, UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, and UNITED STEELWORKERS OF AMERICA, <br><br>Defendants. | Civil Action No. 04-10892-JLT |

_____

**MOTION IN LIMINE OF THE DEFENDANTS UNITED STEELWORKERS,
LOCAL 421-U AND UNITED STEELWORKERS
TO PRECLUDE THE TAKING OF EVIDENCE RELATING TO
THE PLAINTIFFS' DISCRIMINATION CLAIMS
<u>OCCURING BEYOND THE STATUTE OF LIMITATIONS</u>**

Now come the Defendants, United Steelworkers, Local 421-U (the Local) and United Steelworkers (the International), and hereby submit this motion in limine to preclude the taking of evidence relating to the plaintiffs' discrimination allegations that occurred beyond the relevant statutes of limitations.

1

In their complaint, which originated in this Court on May 5, 2004, the plaintiffs' allege that the Union discriminated against them by failing to represent them not only in matters relating to the closing of the Farnsworth Fibre plant but also in failing to file some unspecified grievances at earlier times and by failing to respond to safety and health issues in the plant. This Court applies the 300-day statute of limitations prohibiting action on any allegations not filed with the Massachusetts Commission Against Discrimination and/or the Equal Employment Opportunity Commission within 300 days of the action complained of.

Federal law is clear that the 300-day statute of limitations applies to acts of discrimination, and precludes the submission of such acts for trial and findings which are outside the 300-day period. See National Railroad Passenger Corporation v. Morgan, 536 U.S. 101 (2002); Luciano v. Coca-Cola, 307 F.Supp.2d 308, 318 (D. Mass. 2004). Here, the plaintiffs' claims are discrimination claims. They are not claiming harassment by the union. Further, there is no allegation of retaliation. In National Railroad Passenger Corporation v. Morgan, supra, the United States Supreme Court held clearly that where a defendant in a Title VII employment discrimination lawsuit alleges various acts of discrimination, the continuing violation doctrine will not apply to such claims, and only those acts actually occurring within the 300-day period are actionable. The rest may not be the basis for liability. See Morgan, supra, at 115-117.

In the present case, some of the plaintiffs filed charges of discrimination against the union on May 7, 2004, and others filed claims on June 4, 2004. Thus, any allegations prior to July 11, 2003 are barred by the 300-day statute of limitations. See M.G.L. ch.151B, § 5, see also Luciano v. Coca-Cola, supra.

As set forth in the complaint and the opposition to the motion for summary judgment, the plaintiffs make a variety of claims which seem to be limitless in time, including failure to train, failure to provide apprenticeship programs, failure to take action to correct safety conditions, etc. Virtually all of these events predate July 11, 2003, only three months before the plant closed, and many years after the plaintiffs were aware of these alleged problems. Indeed, it appears that the only discreet act that occurred at all past July 11, 2003, was the announcement that the plant was closing.

It is expected that plaintiffs will attempt to rely on the tolling doctrine as described in Mercado v. Ritz Carleton San Juan Hotel, 410 F.3d 41 (1st Cir. 2005). This argument is completely without merit. There, the court permitted evidence on the tolling of the 300-day limitation because the "employer" had failed to post notices at the hotel as required by the EEOC. Here, the plaintiffs' allegations are against the Union, and there is no evidence that the Union failed to post any notice required by the EEOC, and plaintiffs have provided no evidence of any such failure to post. Absent this predicate, no tolling can be had against the Union.

3

## CONCLUSION

For the reasons set forth herein, the Court should preclude any evidence at trial, or limit such evidence from liability consideration, that occurred prior to July 11, 2003.

        Respectfully submitted,
        UNITED STEELWORKERS, LOCAL 421-U
        AND UNITED STEELWORKERS,
        By their attorneys,

Dated: February 21, 2006

        __s/Harold L. Lichten_____
        Harold L. Lichten, BBO # 549689
        Alfred Gordon, BBO # 630456
        Pyle, Rome, Lichten, Ehrenberg
           & Liss-Riordan, P.C.
        18 Tremont St., Ste. 500
        Boston, MA 02108
        (617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail on the attorney of record for each party on February 21, 2006.

        __s/Harold L. Lichten_____
        Harold L. Lichten