UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

EUCLIDES SOTO, LOUIS A. MARTINEZ,
JOSE RAMIREZ, CLEMENTE HERNANDEZ,
CESAR PIZARO, ELISON PENA,
JUAN COLON, JOSE ORTIZ, RAFAEL TORRES,
ANGEL BAEZ, ANTONIO MARTINEZ,
WILFREDO ORTIZ, EULOGIO ORTIZ,
MIRRAIN MIRANDA, RAFAEL MORENO,
NELSON ACEVEDO, and
RAMON RODRIQUEZ,

        plaintiffs,

v.

SHERMAN-FEINBERG CORPORATION,
FARNSWORTH FIBRE CORPORATION,
UNITED STEELWORKERS OF AMERICA,
LOCAL 421-U, and UNITED STEELWORKERS
OF AMERICA,

        Defendants.
_____

Civil Action No.
04-10892-JLT

**MOTION IN LIMINE OF THE DEFENDANTS UNITED STEELWORKERS, LOCAL 421-U AND UNITED STEELWORKERS TO PRECLUDE UNSPECIFIC TESTIMONY RELATING TO INCIDENTS IN THE FARNSWORTH FIBRE PLANT**

      Now come the Defendants, United Steelworkers, Local 421-U (the Local) and United Steelworkers (the International), and hereby submit this motion in limine to preclude unspecific testimony relating to incidents in the Farnsworth Fibre plant. Time and again in this case, plaintiffs have attempted to substantiate their allegations of incidents occurring at the plant with vague and unspecific evidence of such incidents. Because such evidence is not probative and is unduly prejudicial to Defendants, Defendants ask this Court to exclude unspecific testimony at trial.

1

BACKGROUND

In their opposition to Defendants' summary judgment motion, Plaintiffs presented vague and unspecific evidence of alleged safety problems at the plant and failed to provide any details or specifics from which Defendants could discern even the basis of this evidence.  For example, in their recent Motion to Attach Assets of the United Steelworkers of America, Plaintiffs purport to describe the "merits" of the case by presenting testimony that, in the plant, there were fires "constantly," and there was "dust flying around."  Pls.'s Mot. to Attach at 2-3.  At no time have Plaintiffs provided any more specific evidence on these issues—they have not provided any evidence of dates of alleged incidents, individuals involved, or union representatives who allegedly knew of such occurrences.

Defendants move for such unspecific testimony of plant incidents to be excluded from trial.  Such testimony is not probative of the issues relevant to this case, it is too vague to be admissible, and it would unfairly prejudice Defendants.

ARGUMENT

**I.    VAGUE AND UNSPECIFIC TESTIMONY IS INADMISSIBLE AT TRIAL.**

It goes without saying that only admissible evidence is to be presented at trial.  In determining whether evidence is admissible, it is appropriate to consider the standard applied by courts in considering whether to grant summary judgment, in light of the requirement that a party opposing summary judgment "must produce evidence which *would be admissible at trial* to make out the requisite issue of material fact."  *Kelly v. United States*, 924 F.2d 355, 357 (1st Cir. 1991) (emphasis added).  Such evidence must meet certain rudiments of specificity—"[s]tatements predicated upon undefined discussions with unnamed persons at unspecified times are simply too amorphous. . ."

2

*Perez v. Volvo Car Corp.*, 247 F.3d 303, 316 (1st Cir. 2001). Moreover, the evidence "must generate the specific facts necessary to take the asserted claim out of the realm of speculative, general allegations." *Kaufman v. Puerto Rico Tel. Co.*, 841 F.2d 1169, 1172-73 n.5 (1st Cir. 1988); *see also* 11 James Wm. Moore et al., *Moore's Federal Practice* ¶ 56.14[1][d] (3d ed. 1997) ("The affidavit, in addition to presenting admissible evidence, must be sufficiently specific to support the affiant's position.").

Where evidence would be too vague and unspecific to defeat summary judgment, it follows that the same evidence cannot be admissible at trial. Accordingly, testimony regarding "undefined" incidents at the plant, involving "unnamed persons at unspecified times," is "simply too amorphous" to be admissible. *Perez*, 247 F.3d at 316. Plaintiffs request that the Court exclude this clearly inadmissible testimony from trial.

II.   **EVEN IF THE UNSPECIFIC TESTIMONY WERE RELEVANT, IT SHOULD BE EXCLUDED BECAUSE IT WOULD UNFAIRLY PREJUDICE THE DEFENDANTS, CONFUSE THE ISSUES, AND MISLEAD THE JURY.**

Under Federal Rule of Evidence 403, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403 "'purports to set no absolute standard but is designed as a guide for handling situations for which no specific rules have been formulated.'" *Dente v. Riddell, Inc.*, 664 F.2d 1, 5 (1st Cir. 1981) (quoting 1 Weinstein's Evidence P 403(02), at 13 (1980)).

The Rule 403 balancing test clearly favors exclusion of the unspecific testimony in this case. Admitting such testimony would unfairly prejudice Defendants. Without knowing the time period, circumstances, or individuals involved in the alleged incidents, Defendants will not be able to refute them adequately. In addition, it is quite possible

3

that this vague testimony will refer to incidents outside the limitation period, but it will be impossible to confirm that without definite dates. In addition to this unfair prejudice, such unspecific testimony could cloud the issues in the case and mislead the jury, who will not able to evaluate this testimony properly without any specifics. Accordingly, such testimony is inadmissible under Rule 403.

## CONCLUSION

The vague and unspecified testimony that Plaintiffs seek to introduce at trial relating to incidents at the plant lacks the requisite specificity to be admissible. Even if somehow deemed relevant, this testimony prejudices the Defendants because Defendants cannot properly respond to such testimony without some details as to time period and individuals involved. Accordingly, Defendants request that Plaintiffs be excluded from presenting this testimony at trial.

Respectfully submitted,
UNITED STEELWORKERS, LOCAL 421-U
AND UNITED STEELWORKERS,
By their attorneys,

Dated: February 21, 2006

___s/Harold L. Lichten_____
Harold L. Lichten, BBO # 549689
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg
   & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA  02108
(617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail on the attorney of record for each party on February 21, 2006.

___s/Harold L. Lichten_____
Harold L. Lichten