UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIQUEZ, <br><br>                 Plaintiffs, <br><br>v. <br><br>SHERMAN-FEINBERG CORPORATION, FARNSWORTH FIBRE CORPORATION, UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, and UNITED STEELWORKERS OF AMERICA, <br><br>                 Defendants. | Civil Action No. 04-10892-JLT |

**UNION DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO UNION DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION TO ATTACH**

*Introduction*

     Defendants United Steelworkers of America, Local Union 421-U, and United Steelworkers of America, AFL-CIO/CLC hereby submit this Reply to Plaintiffs' Opposition to Union Defendants' Motion to Strike Plaintiffs' Motion to Attach Assets of the United Steelworkers of America. Plaintiffs' opposition provides no support for their motion to attach, and therefore the Union's motion to strike should be granted.

*Discussion*

1

Plaintiffs filed a Motion to Attach Assets of the United Steelworkers of America and memorandum in support thereof in this matter on February 13, 2006.  Plaintiffs' motion clearly fails to meet the procedural requirements for attachment of Mass. R. Civ. P. 4.1, as incorporated by Fed. R. Civ. P. 64, so the Union filed a Motion to Strike Plaintiffs' Motion to Attach on February 17, 2006.  On February 21, 2006, Plaintiffs filed an opposition to the Union's motion to strike which utterly fails to respond to the Union's motion to strike and provides no support for Plaintiffs' motion to attach, and the Union's motion to strike should therefore be granted.

*Argument*

As set forth in the Union's motion to strike, Plaintiffs' motion to attach is procedurally insufficient because Plaintiffs have failed to submit affidavits in support of their motion, as required by Mass. R. Civ. P. 4.1.  In response to the Union's motion to strike, Plaintiffs filed an opposition which provided the solitary and clearly flawed argument that "the motion for the attachment is indeed supported by affidavit." Plaintiffs' Opposition at p. 1.  Plaintiffs' opposition then references the "Affidavit of Robert O. Berger." Id.  It is not clear to which affidavit Plaintiffs refer, as Plaintiffs have filed two affidavits of Robert O. Berger in support of earlier filings in this matter, but whichever affidavit they reference, Plaintiffs' sole argument fails for several reasons:  (1) Mass. R. Civ. P. 4.1(c) clearly requires that the supporting affidavit be filed and served along with the motion to attach; (2) neither of the affidavits of Robert O. Berger sets forth "specific facts sufficient to warrant the required findings … upon the affiant's own knowledge, information or belief," as required by Rule 4.1(c) & (h); and (3) courts in this

2

District have unanimously found affidavits prepared by a party's attorney to be insufficient to meet the requirements of Rule 4.1.

### (1) Plaintiffs' Motion Was Not "Supported by Affidavit"

Mass. R. Civ. P. 4.1(c) requires that a motion for attachment "shall be supported by affidavit or affidavits meeting the requirements set forth in subdivision (h) of this rule" and that "the motion and affidavit or affidavits with the notice of hearing thereon shall be served upon the defendant in the manner provided by Rule 4." Contrary to Rule 4.1(c)'s requirement that affidavits supporting a motion for attachment be filed and served with such motions, Plaintiffs did not serve the Union with any affidavit(s) in support of their motion to attach. Nonetheless, at page 1 of their opposition, Plaintiffs now attempt to claim that their motion to attach is "supported by affidavit" by pointing to one of two affidavits of their attorney, Robert O. Berger, both of which were filed in support of other motions and as set forth below, cannot possibly meet the requirements of Rule 4.1(h). In this case, Plaintiffs have not only failed to serve a supporting affidavit along with their motion to attach, but have now failed, in their opposition's cavalier reference to the "Affidavit of Robert O. Berger," even to specifically identify which affidavit purportedly supports their motion. Accordingly, Plaintiffs' claim that their motion is supported by affidavit is spurious and does nothing to remedy the procedural insufficiency of their motion to attach.

### (2) Neither of Plaintiffs' Previous Affidavits Sets Forth Relevant Facts "Upon the Affiant's Own Knowledge, Information or Belief"

Although Plaintiffs did not submit any affidavit or affidavits in support of their motion to attach, they previously filed two affidavits of their attorney, Robert O. Berger, in support of earlier filings in this matter. See Affidavit of Robert O. Berger in support of

3

Plaintiffs' Opposition to the Union's Motion for Summary Judgment, filed September 1, 2005 ("9/1 Aff."); Affidavit of Robert O. Berger (Volumes I and II) in support of Plaintiffs' Sur-Reply to the Union's Motion for Summary Judgment, filed September 28, 2005 ("9/28 Aff."). Collectively, these affidavits allege only the following facts upon the knowledge, information or belief of the affiant, Robert O. Berger:

1. That Robert O. Berger is "the attorney for the plaintiffs in the above captioned matter." See 9/1 Aff., ¶ 1; 9/28 Aff., ¶ 1.

2. That Robert O. Berger attached "true and accurate copies of [various] documents from transcripts or evidence" to the affidavits. See 9/1 Aff., ¶ 1; 9/28 Aff., ¶ 1.

3. That Robert O. Berger "practice[s] law in the areas of employment and labor law and received a peer review rating of AV from Martindale-Hubbell when the plaintiffs first consulted" him. See 9/1 Aff., ¶ 2.

Plaintiffs' previous affidavits in this matter allege no other facts upon any affiant's knowledge, information or belief. Mass. R. Civ. P. 4.1 requires affidavits supporting a motion for attachment to "set forth specific facts sufficient to warrant the required findings … upon the affiant's own knowledge, information or belief," where the "required findings" are (1) "that there is a reasonable likelihood that the plaintiff will recover judgment" and (2) that such judgment is reasonably likely to be "in an amount equal to or greater than the amount of the attachment." Rodriguez v. Montalvo, 337 F.Supp.2d 212, 215 (D. Mass. 2004) (citing Mass. R. Civ. P. 4.1(c)). Since Plaintiffs did not submit any affidavit in support of their motion, and since none of the above-listed facts to which Plaintiffs' attorney, the affiant, swore in Plaintiffs' previously filed affidavits is even

4

tangentially related to the "required findings" set forth in Rule 4.1, Plaintiffs' motion to attach cannot be "supported by affidavit," and is therefore procedurally insufficient and should be stricken.

### (3) Affidavits Prepared by a Party's Attorney Do Not Provide Sufficient Support for a Motion to Attach

Even if Plaintiffs' previously submitted affidavits had alleged facts relevant to their motion to attach, federal courts in Massachusetts have consistently held that the mere "submission of an affidavit by a party's attorney raises serious concerns" and have never found such affidavits sufficient to fulfill the movant's burden to establish grounds for an attachment.  International Assoc. of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local 501 v. Burtman Iron Works, Inc., 164 F.R.D. 305, 306-07 (D. Mass. 1995) (denying motion for attachment supported by affidavit of moving party's attorney) (quoting Debreceni v. Route USA Real Estate, Inc., 773 F.Supp. 498, 499 (D. Mass. 1990)); accord United States v. LaRouche Campaign, 682 F.Supp. 610, 615-17 (D. Mass. 1987).  In Debreceni, the Court found that "[e]ven apart from these concerns," the attorney's affidavit "[fell] far short of establishing that plaintiff ha[d] a reasonable likelihood of success" where the "affidavit state[d] no more than plaintiff's attorney's opinion of what the outcome of the case" would be.  773 F.Supp. at 499.  In this case, the affidavits filed by Plaintiffs' attorney in support of previous filings in this matter do not even provide such an opinion, let alone anything of relevance or support to Plaintiffs' motion to attach, so Plaintiffs' reference in their opposition to their earlier affidavits cannot support Plaintiffs' motion to attach.  Since Plaintiffs have failed to comply with the requirements of Rule 4.1 and have provided no further support in their opposition to the Union's motion to strike, their motion to attach is insufficient and should be stricken.

WHEREFORE, the Defendant Union respectfully requests that the Court grant its Motion to Strike Plaintiffs' Motion to Attach Assets of the United Steelworkers of America.

Respectfully submitted,

Dated: February 23, 2006

   s/Harold L. Lichten  
Harold L. Lichten, BBO # 549689  
Alfred Gordon, BBO # 630456  
Pyle, Rome, Lichten, Ehrenberg  
    & Liss-Riordan, P.C.  
18 Tremont St., Ste. 500  
Boston, MA  02108  
(617) 367-7200

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail on the attorney of record for each party on February 23, 2006.

   s/Harold L. Lichten  
Harold L. Lichten