UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                              )
EUCLIDES SOTO, LOUIS A. MARTINEZ,    )
JOSE RAMIREZ, CLEMENTE HERNANDEZ, )
CESAR PIZARO, ELISON PENA,                      )
JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, )
ANGEL BAEZ, ANTONIO MARTINEZ,            )
WILFREDO ORTIZ, EULOGIO ORTIZ,             )
MIRRAIN MIRANDA, RAFAEL MORENO,       )
NELSON ACEVEDO, and                                   )
RAMON RODRIQUEZ,                                        )
                                                              )   Civil Action No.
                     Plaintiffs,                         )   04-10892-JLT
                                                              )
v.                                                            )
                                                              )
SHERMAN-FEINBERG CORPORATION,       )
FARNSWORTH FIBRE CORPORATION,        )
UNITED STEELWORKERS OF AMERICA,     )
LOCAL 421-U, and UNITED STEELWORKERS )
OF AMERICA,                                                   )
                                                              )
                     Defendants.                      )
_____)

**MEMORANDUM IN SUPPORT OF UNION DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION TO ATTACH**

*Introduction*

Defendants United Steelworkers of America, Local Union 421-U, and United Steelworkers of America, AFL-CIO/CLC (the "Unions") hereby submit this memorandum in support of their Motion to Strike Plaintiffs' Motion to Attach Assets of the United Steelworkers of America. As set forth below, Plaintiffs' motion is procedurally insufficient and therefore cannot be granted, so it should be stricken. However, in the event that the Court denies or does not act on the instant Motion to Strike, the Unions intend to submit a full opposition to Plaintiffs' Motion to Attach.

1

*Discussion*

Plaintiffs filed a Motion to Attach Assets of the United Steelworkers of America and memorandum in support thereof in this matter on February 13, 2006.  Plaintiffs' motion clearly fails to meet the procedural requirements of Massachusetts laws governing the grant of attachments, which this Court must apply pursuant to Fed. R. Civ. P. 64, and Defendants' Motion to Strike should therefore be granted.

*Argument*

Plaintiffs' motion to attach is procedurally insufficient because Plaintiffs have failed to submit affidavits in support of their motion, as required by Massachusetts law.  Pursuant to Fed. R. Civ. P. 64, a grant of attachment is only available "under the circumstances and in the manner provided by the law of the state in which the district court is held," and "[i]n Massachusetts, the substantive standard and procedure governing attachments are contained in Rule 4.1 of the Massachusetts Rules of Civil Procedure."  Hamilton v. Arnold, 135 F.Supp.2d 99, 104 (D. Mass. 2001).  Rule 4.1(c) "requires the movant to submit affidavits setting forth 'specific facts sufficient to warrant the required findings.'"  Id. at 104-05 (citing Mass. R. Civ. P. 4.1(c) & (h)).

In this case, Plaintiffs did not submit any affidavit in support of their motion to attach, and therefore Plaintiffs' motion cannot succeed and should be stricken.  There can be no question that Mass. R. Civ. P. 4.1(c) requires that a motion for attachment "shall be supported by affidavit or affidavits," and federal courts in Massachusetts have consistently interpreted Rule 4.1 as requiring "the movant to submit affidavits … based on the affiant's own knowledge, information or belief."  Id. at 104 (denying motion for attachment for failure to submit such affidavits); see also Johnson v. Koplovsky Foods,

2

Inc., 5 F.Supp.2d 48, 51 (D. Mass. 1998) (Rule 4.1 "requires the movant to submit affidavits"); Tunnicliff v. Motel 6, OLP, 178 F.R.D. 8, 10 (D. Mass. 1998) (same); McKim v. Frisco, 1991 WL 256573 (D. Mass. 1991) ("[a]ffidavits shall accompany the motions [for attachment], setting forth specific facts, based upon the affiant's own knowledge, information or belief"). Since Plaintiffs in this matter have failed to comply with the requirements of Rule 4.1, their motion to attach is insufficient and cannot be granted.

Moreover, Plaintiffs' motion must be stricken because their failure to submit supporting affidavits precludes any possibility of making the findings required for approval of a motion for attachment. Rule 4.1 requires a party moving for attachment to establish (1) "that there is a reasonable likelihood that the plaintiff will recover judgment" and (2) that such judgment is reasonably likely to be "in an amount equal to or greater than the amount of the attachment." Rodriguez v. Montalvo, 337 F.Supp.2d 212, 215 (D. Mass. 2004) (citing Mass. R. Civ. P. 4.1(c)); see also Johnson v. Koplovsky Foods, Inc., 5 F.Supp.2d at 51 ("the central question on the motion for approval of attachment is whether plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount"). In this case, Plaintiffs have provided no affidavits upon which the Court could make a finding with respect to either of these issues, so their motion to attach must fail and should therefore be stricken. See Hamilton v. Arnold, 135 F.Supp.2d at 104 (quoting the two required findings from Rule 4.1(c) and stating that Rule 4.1 "also requires the movant to submit affidavits setting forth 'specific facts sufficient to warrant the required findings'"); accord Johnson v. Koplovsky, 5 F.Supp.2d at 51; Tunicliff v. Motel 6, 178 F.R.D. at 10.

3

WHEREFORE, the Defendant Unions respectfully request that the Court grant their Motion to Strike Plaintiffs' Motion to Attach Assets of the United Steelworkers of America.

Respectfully submitted,

Dated: February 17, 2006
                                           s/Harold L. Lichten
                                           Harold L. Lichten, BBO # 549689
                                           Alfred Gordon, BBO # 630456
                                           Pyle, Rome, Lichten, Ehrenberg
                                                 & Liss-Riordan, P.C.
                                           18 Tremont St., Ste. 500
                                           Boston, MA  02108
                                           (617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail on the attorney of record for each party on February 17, 2006.

                                           s/Harold L. Lichten
                                           Harold L. Lichten

Case 1:04-cv-08922-JLT Document 72 Filed 02/17/2006 Page 4 of 4