UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, And RAMON RODRIGUEZ, Plaintiffs, <br><br> V. <br><br> SHERMAN-FEINBERG CORPORATION, FARNSWORTH FIBRE CORPORATION, UNITED STEELWORKERS OF AMERICA, LOCAL 421-U AND UNITED STEELWORKERS OF AMERICA, Defendants. | CIVIL ACTION NO.: 04-10892-JLT |

**OPPOSITION TO MOTION IN LIMINE OF THE DEFENDANTS UNITED STEELWORKERS LOCAL 421-U AND UNITED STEELWORKERS TO PRECLUDE THE TAKING OF EVIDENCE RELATING TO THE PLAINTIFFS' DUTY OF FAIR REPRESENTATION CLAIMS OCCURING BEFORE NOVEMBER 5, 2003**

The plaintiffs allege as follows. There is a November 1, 2002 - October 31, 2006, Agreement between Sherman-Feinberg Corporation and the Farnsworth Fibre Corporation ("Employers"), and U.S.W.A. Local 421-U ("Union"). The Employers gave notice of termination to second-shift employees on November 7, 2003, and to first-shift employees on November 14, 2003. The Employers did not bargain over the decision to lay off for their reasons, and/or the effects of that decision in violation of their fiduciary

duty. Before the terminations, on or about November 12, 2003, Lowell Alexander of the Union met with Kenneth Doucette of the Employers. Alexander told Jose Ortiz that the Union could do nothing. Lowell Alexander failed to communicate with the employees in Spanish. No client recalls a Spanish interpreter being available at the Company. Thus, the collective bargaining agreement itself does not amount to fair representation. The union's failure to bargain about the effect of the layoffs violates the law.The dispute of the discharge of all of the (Hispanic) employees was not submitted in writing by the Union to the Employers and presented for adjustments. Therefore, the plaintiffs demanded in writing that a grievance be filed and a complaint lodged about the interpretation, application, or compliance with the terms of the Agreement with respect to the terminations and the Union failed to do so. The failure to do so will be considered an action predicated upon racially discriminatory motivation, which is a breach of the duty of fair representation and breach by the Employers of the labor contract. The above-referenced individuals also assert that their rights have been violated as set forth under the provisions of M.G.L. c. 151B, §4(2) and the federal laws regarding employment discrimination. They have exhausted their administrative remedies claims regarding those violations and hereby file an amended action regarding them. The plaintiffs assert their rights for remedies beyond the scope of the National Labor Relations Act, including but not limited to: front wages, punitive damages, interest, costs, and attorneys' fees. The individuals are in a protected class due to their national heritage and have been treated in a disparate manner. The Shop Steward, Jose Ortiz, was not provided with a draft of the Agreement before it was signed or with the Union Constitution. The Agreement does not provide for the effects of the terminations of said employees. Nor does the Agreement

reflect any effects bargaining. While the union purported to represent the plaintiffs, two of the members lost two fingers at the Company plant and there have been two fires at the Company plant.  The union has not provided apprenticeship, educational, or safety programs. The union has failed to fulfill its legal obligation to represent its members fairly.  This does not require perfect representation, or even representation free of negligence.  It does mean, however, that a labor organization will be liable if it significantly harms its members through actions that are arbitrary, reckless, or in bad faith like those alleged above.  And, the evidence here supports a finding that the Local and the corporate defendants acted in bad faith, intentionally failing to represent the plaintiffs properly for reasons unrelated to legitimate union objectives.  See 29 U.S.C. §§159(a) and 185(a).

Evidence prior to November 5, 2003 is relevant to show the union's awareness of the conditions of the plant and its members. The district court will find that the evidence about the history of plant safety, where fingers were chopped off, and faces burned and fires raged in the plant, has deep and telling probative value (and, therefore, is relevant, *see* Fed. R. Evid. 401) in a number of respects: (i) establishing the defendant's consciousness of safety issues; (ii) rebutting any suggestion that the plaintiffs fabricated the claims; and (iii) impeaching witnesses indicating that there was no circumstantial evidence of discrimination.

The defendants can object to evidence at the time of trial but at this time the barring of all evidence prior to the actual breach would be apt to cause confusion to the jury.

3

                                                   Respectfully submitted,

Dated: March 1, 2006                                     /s/ Robert O. Berger
                                                          Robert O. Berger (BBO#: 038900)
                                                          11 Beacon Street, Ste. 1210
                                                          Boston, MA 02108
                                                          (617) 423-7575 Tel
                                                          (617) 275-8000 Fax
                                                          Attorney for Plaintiffs

                                                          /s/ John Lee Diaz
                                                          John Lee Diaz (BBO#: 542819)
                                                          801A Tremont Street
                                                          Boston, MA 02118
                                                          (617) 445-7900 Tel
                                                          Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served by electronic transfer on the attorney of record for each party on March 1, 2006.

Dated: March 1, 2006                                     /s/ Robert O. Berger
                                                          Robert O. Berger (BBO#: 038900)