UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIQUEZ,<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, and UNITED STEELWORKERS OF AMERICA,,<br><br>          Defendants. | Civil Action No.<br>04-10892-JLT |

**ANSWER OF DEFENDANTS UNITED STEELWORKERS,
LOCAL 421-U AND UNITED STEELWORKERS
TO SECOND AMENDED COMPLAINT**

**Parties:**

    1.    Defendants United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local Union 421-U (the "Local") and United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC (the "International") (collectively, the "Union") lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint, and therefore denies same.

2. The Union admits that Plaintiffs were employed by former Defendants Sherman-Feinberg Corporation, Farnsworth Fibre Corporation ("Employer") and were members of the Union, but deny that Plaintiffs are currently employed by the Employer or are currently members of the Union. The Union admits that Plaintiffs are Hispanic.

3. The Union admits that Local 421-U is a local of the United Steelworkers, AFL-CIO/CLC. By way of further answer, the Union states that the address of an International Union sub-district office (and not a local) of the United Steelworkers, AFL-CIO/CLC is 100 Medway Road, Suite 403, Milford Massachusetts 01757.

4. The Union admits that the United Steelworkers, AFL-CIO/CLC is an international labor organization with its headquarters located in Pittsburgh, Pennsylvania.

**Jurisdiction and Venue:**

5. The Union admits that Plaintiffs filed an action alleging events occurring within this judicial district and that proper venue over Plaintiffs' Complaint lies in this Court under 28 U.S.C. § 1391. The Union denies the remaining allegations in Paragraph 5.

6. The Union admits that on December 27, 2004, the Massachusetts Commission Against Discrimination dismissed the claims filed by the Plaintiffs. The Union denies the remaining allegations of Paragraph 6.

7. Admitted

**Count I: Allegations of Discrimination Under Title VII of the Civil Rights Act of 1964:**

8. To the extent that the allegations in Paragraph 8 constitute conclusions of law, no response is required. To the extent that any of the allegations in Paragraph 8 require a response, they are denied.

9. To the extent that the allegations in Paragraph 9 constitute conclusions of law, no response is required. To the extent that any of the allegations in Paragraph 9 require a response, they are denied.

10. The Union denies that each plaintiff was a dues-paying member of Local 421-U of the United Steelworkers during the entire course of his employment. The Union admits only that plaintiffs paid dues to the United Steelworkers since 1985 when the United Steelworkers became the representative of bargaining unit employees at the Employer. The Union lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies same.

11. The Union denies the allegations in the first sentence of Paragraph 11. The Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and four through six of Paragraph 11, and therefore denies same. The Union denies the allegation in the third sentence and states by way of further answer that the Union steward, Plaintiff Jose Ortiz, received literature regarding Union meetings that he was expected to share with his coworkers. To the extent that the last sentence of Paragraph 11 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 11 requires a response, the allegation is denied.

12. The Union denies the allegations in the first sentence of Paragraph 12. With regard to the second sentence, the Union states that it had not represented the employees of the Employer for 25 years but rather represented the employees of the Employer from 1985 until the facility closed in 2003. The Union further states that it never refused to bring any grievance to arbitration. The Union denies the remaining allegations of the second sentence. To the extent

that the last sentence of Paragraph 12 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 12 requires a response, the allegation is denied.

13. With regard to the first two sentences of paragraph 13, the Union admits that the Union and Employer were parties to a Collective Bargaining Agreement dated November 1, 2002 – October 31, 2006, and states that the document speaks for itself. By way of further answer, the Union states that the agreement terminated upon the Employer's discharge of bargaining unit employees in November 2003. With regard to the third sentence, the Union denies that the collective bargaining agreements for Beebe Rubber or Rosbro Plastics contain any severance language relating to the plant closing: Beebe Rubber contains a pension buyout for certain employees as a severance benefit but does not specify whether this benefit applies to a plant closing; and Rosbro Plastics contains no severance language whatsoever. The Union admits that the Sealy Mattress collective bargaining agreement contains severance language relating to a plant closing. With regard to the fourth sentence, the Union states that the collective bargaining agreement speaks for itself. The Union lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in the fourth sentence, and therefore denies same. To the extent that the last sentence of Paragraph 13 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 13 requires a response, the allegation is denied.

14. The Union admits that the Employer laid off first-shift employees on or about November 14, 2003, and that the Employer laid off second-shift employees on or about November 7, 2003. The Union denies the allegation in the second sentence of Paragraph 14 and states by way of further answer that the an Employer has no legal obligation to negotiate over its decision to shut down its operations. To the extent that the last sentence of Paragraph 14

constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 14 requires a response, the allegation is denied.

15. It is admitted that Union Staff Representative Lowell Alexander met with Kenneth Doucette, an Employer representative, before the terminations of bargaining unit employees. It is further admitted that Jose Ortiz contacted Mr. Alexander by telephone regarding the plant shutdown, that Mr. Alexander met with the plaintiffs, and that the plaintiffs inquired about their benefits. The Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the plaintiffs' mental state at the time, and therefore denies same. The Union denies the remainder of the factual allegations of Paragraph 15. To the extent that the last sentence of Paragraph 15 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 15 requires a response, the allegation is denied.

16. The Union admits that Plaintiffs' attorney, Robert Berger, wrote to the Union's sub-district office in Milford, Massachusetts, on March 4, 2004, on behalf of Plaintiffs, and states that the document speaks for itself. The Union admits that it did not file a grievance alleging that the lay-off of bargaining unit employees was discriminatory because the Employer laid off its entire workforce and therefore could not in any way be said to have laid off employees based on their race or national origin. By way of further answer, the Union states that it filed grievances regarding issues related to the layoffs or discharges of bargaining unit employees in November 2003. The Union denies the remaining allegations in Paragraph 16. To the extent that the last sentence of Paragraph 16 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 16 requires a response, the allegation is denied.

17. The Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one, three, six, and seven of Paragraph 17, and therefore denies same. In this regard, the Union notes that sentences one, six, and eight make allegations regarding the plaintiffs' mental state at the time. The Union denies the remainder of the allegations in Paragraph 17. With regard to sentence seven, the Union states that Plaintiff Jose Ortiz received literature regarding Union meetings pursuant to his role as Union steward and that he was expected to share that information with his coworkers. To the extent that the last sentence of Paragraph 17 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 17 requires a response, the allegation is denied.

18. The Union lacks knowledge or information sufficient to form a belief as to the adverse impact the Plaintiffs report to have suffered and therefore denies same. By way of further answer, see response to Paragraph 16 above. To the extent that the last sentence of Paragraph 18 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 18 requires a response, the allegation is denied.

19. The Union denies the allegation in the first sentence of Paragraph 19 and states by way of further answer that the Union made a good-faith attempt to negotiate over the effects of the Employer's lay-off decision. To the extent that the last sentence of Paragraph 19 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 19 requires a response, the allegation is denied.

20. The Union lacks knowledge or information sufficient to form a belief as to the occurrence of a fire at the Employer's plant in November 2003 or any damage that fire may have caused to the Plaintiffs. The Union denies that it conspired with the Employer in any way regarding safety measures. With regard to the second and third sentences of Paragraph 20, the

Union admits that the Employer's machinery was old but denies that Mr. Alexander had any obligation with regard to the Employer's written hazard program or material safety data sheets. To the extent that the last sentence of Paragraph 20 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 20 requires a response, the allegation is denied.

21.     The Union lacks knowledge or information sufficient to form a belief as to any of the allegations in Paragraph 21, and therefore denies same. To the extent that the last sentence of Paragraph 21 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 21 requires a response, the allegation is denied.

22.     The Union admits only that Mr. Alexander stated that he has in the past filed grievances regarding matters that may not have been specifically addressed in the terms a collective bargaining agreement but denies the remainder of the allegations in Paragraph 22. To the extent that the last sentence of Paragraph 22 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 22 requires a response, the allegation is denied.

23.     The Union admits that Mr. Alexander stated it had been his obligation when he was a former local union president to make sure that his employer adhered to its own health and safety policies but specifically denies that Mr. Alexander made any statement regarding his having tried to determine what the Employer's policies were. The Union further admits that Mr. Alexander acknowledged that the Employer's equipment was very old, but the Union lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 23 and therefore denies same. To the extent that the last sentence of

7

Paragraph 23 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 23 requires a response, the allegation is denied.

24. The Union admits only that Mr. Alexander acknowledged that the Union would address safety concerns it became aware of and that Mr. Alexander visited the Employer's premises on more than one occasion. The Union denies the remainder of the allegations in Paragraph 24 of the Complaint. To the extent that the last sentence of Paragraph 24 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 24 requires a response, the allegation is denied.

25. The Union lacks knowledge or information sufficient to form a belief as to allegations regarding any injuries that occurred at the plant, and therefore denies same. The Union lacks knowledge or information sufficient to form a basis as to what notices were posted in the plant and, by way of further answer, states that the Union had no obligation to post any such notices. The Union denies the allegations in sentence six regarding the safety programs at Commonwealth Gas or any disparate treatment based on a comparison with Commonwealth Gas. By way of further answer, the Union states that the workforce at Commonwealth Gas was not all white as the plaintiffs allege and notes that Mr. Alexander, an African-American, was himself an employee at Commonwealth Gas. With regard to sentence seven, the Union states that Mr. Alexander learned about injuries at Commonwealth Gas when he was a steward there because he was working on site in the same way that Plaintiff Jose Ortiz was an on-site steward at the Employer. The Union denies the remainder of the allegations in Paragraph 25. To the extent that the last sentence of Paragraph 25 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 25 requires a response, the allegation is denied.

26. The Union admits that after negotiations it translated the collective bargaining agreement into Spanish and distributed the Spanish-language agreement to employees. The Union states that it did not provide a Spanish language collective bargaining agreement during negotiations because the agreement had not yet been completed. By way of further answer, the Union states that Plaintiff Jose Ortiz, who speaks both Spanish and English, was present during collective bargaining and was present to explain the terms of the agreement to the employees when the agreement was put to a ratification vote. To the extent that the last sentence of Paragraph 26 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 26 requires a response, the allegation is denied.

27. The Union admits that a collective bargaining agreement between it and the Employer existed, but states that said collective bargaining agreement speaks for itself. The Union further answers that it had no advance knowledge of the impending plant closure at the time it negotiated the collective bargaining agreement. The Union further admits that it requested financial documents from the Employer and that Mr. Alexander had heard unsubstantiated rumors about the plant being turned into residential condominiums. The Union denies the remainder of the allegations in Paragraph 27. To the extent that the last sentence of Paragraph 27 constitutes a conclusion of law, no response is required. To the extent that the last sentence of Paragraph 27 requires a response, the allegation is denied.

28. The Union denies all of the allegations in Paragraph 28 and specifically states that the Second Amended Complaint fails to assert any acts of discrimination. To the extent that the any of the allegations in Paragraph 28 constitute conclusions of law, no response is required.

29. The Union lacks knowledge or information sufficient to form a belief as to any of the factual allegations in the first sentence of Paragraph 29, except that the Union specifically

9

denies that the Plaintiffs acted diligently in pursuing their rights. To the extent that the remainder of the allegations in Paragraph 29 relating to equitable tolling constitute conclusions of law, no response is required. To the extent that a response is required, the allegations are denied. The Union denies the remainder of the allegations in Paragraph 29.

**Count II:  Allegations of Discrimination Under 42 U.S.C. § 1981**

30. To the extent that the first two sentences of Paragraph 30 constitute conclusions of law, no response is required. To the extent that a response is required, the allegations are denied. Plaintiffs' prayer for relief in the last sentence of Paragraph 30 does not state allegations which require a response. To the extent a response is required, the Union denies the validity of the relief sought and denies that Plaintiffs are entitled to any damages or other relief from the Union.

**Count III:  Allegations of Discrimination Under Mass. Gen. Laws, Chapter 151B**

32. To the extent that the first two sentences of Paragraph 32 constitute conclusions of law, no response is required. To the extent that a response is required, the allegations are denied. Plaintiffs' prayer for relief in the last sentence of Paragraph 32 does not state allegations which require a response. To the extent a response is required, the Union denies the validity of the relief sought and denies that Plaintiffs are entitled to any damages or other relief from the Union.

**First Affirmative Defense:**

33. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense:**

34.     Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

**Third Affirmative Defense:**

35.     Plaintiffs have not exhausted their remedies for some or all of the claims alleged.

**Fourth Affirmative Defense:**

36.     Plaintiffs have failed to seek proper leave of the Court to raise newly filed claims under 42 U.S.C. § 1981.

WHEREFORE, the Union requests that the Court dismiss all claims against the Union in their entirety, and award the Union its reasonable costs and attorneys' fees incurred in the defense of Plaintiffs' claim.

                                        Respectfully submitted,


Dated:  March 23, 2006                    ____s/Alfred Gordon_____
                                        Harold L. Lichten, BBO # 549689
                                        Alfred Gordon, BBO # 630456
                                        PYLE, ROME, LICHTEN, EHRENBERG
                                            & LISS-RIORDAN, P.C.
                                        18 Tremont St., Ste. 500
                                        Boston, MA  02108
                                        (617) 367-7200

                                        Robert Alexander, *pro hac vice*
                                        BREDHOFF & KAISER, P.L.L.C.
                                        805 Fifteenth Street, N.W.
                                        Washington, D.C. 20005-2207
                                        (202) 842-2600

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served by electronic filing on the attorneys of record for each party on March 23, 2006, and by U.S. Mail on those who cannot receive electronic filings.

                                                  _____s/Alfred Gordon_____
                                                  Alfred Gordon