UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

04 10892 JLT

EUCLIDES SOTO, LOUIS A. MARTINEZ, )
JOSE RAMIREZ, CLEMENTE HERNANDEZ, )
CESAR PIZARO, ELISON PENA, )
JUAN COLON, JOSE ORTIZ, ) MAGISTRATE JUDGE Bowler
RAFAEL TORRES, ANGEL BAEZ, )
ANTONIO MARTINEZ, WILFREDO ORTIZ, )
EULOGIO ORTIZ, MIRRAIN MIRANDA, )
RAFAEL MORENO, NELSON ACEVEDO, )
and RAMON RODRIGUEZ, )
)
Plaintiffs )
) RECEIPT #_____
) AMOUNT $150
v. ) SUMMONS ISSUED yes
) LOCAL RULE 4.1_____
SHERMAN-FEINBERG CORPORATION, ) WAIVER FORM_____
FARNSWORTH FIBRE CORPORATION, ) MCF ISSUED_____
and UNITED STEELWORKERS OF AMERICA, ) BY DPTY. CLK_____
LOCAL 421-U, ) DATE 5/5/04
)
Defendants )
)

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The plaintiffs are individuals who reside in Suffolk County, Massachusetts. All of the above-mentioned individuals are Hispanic, employed by defendant Employers, and members of defendant Union.

2. The defendant, United Steelworkers of America, Local 421-U is a local of such union with its principal place of business at 100 Medway Road, Milford, MA 01757.

3. The defendant, Sherman-Feinberg Corporation, is a duly incorporated Massachusetts corporation with a principal place of business at 185 Old Colony Avenue, Boston, MA 02127.

4. The defendant, Farsworth Fibre Corporation, is a duly incorporated Massachusetts corporation with a principal place of business at 185 Old Colony Avenue, Boston, MA 02127.

5. Venue lies in Massachusetts where the events giving rise to the claim occurred. 28 U.S.C. §1391.

6. The district court has original jurisdiction of this civil action arising under the laws of the United States. 28 §1331.

7. The plaintiffs have exhausted their remedies before coming to court.

### BREACH OF DUTY OF FAIR REPRESENTATION AND/OR FIDUCIARY DUTY

8. There is a November 1, 2002-October 31, 2006, Agreement between Sherman-Feinberg Corporation and the Farnsworth Fibre Corporation ("Employers"), and U.S.W.A. Local 421-U ("Union").

9. The Employers gave notice of termination to second-shift employees on November 7, 2003, and to first-shift employees on November 14, 2003. The Employers did not bargain over the decision to lay off for their reasons, and/or the effects of that decision in violation of their fiduciary duty.

10. Before the terminations, on or about November 12, 2003, Lowell Alexander of the Union met with Kenneth Doucette of the Employers. Alexander told Jose Ortiz that the Union could do nothing.

11. Lowell Alexander failed to communicate with the employees in Spanish. No client recalls a Spanish interpreter being available at the Company. Thus, the collective bargaining agreement itself does not amount to fair representation. The union's failure to bargain about the effect of the layoffs violates the law.

12. The dispute of the discharge of all of the (Hispanic) employees was not submitted in writing by the Union to the Employers and presented for adjustments.

13. Therefore, the plaintiffs demanded in writing that a grievance be filed and a complaint lodged about the interpretation, application, or compliance with the terms of the Agreement with respect to the terminations and the Union failed to do so.

14. The failure to do so will be considered an action predicated upon racially discriminatory motivation, which is a breach of the duty of fair representation and breach by the Employers of the labor contract.

15. The above-referenced individuals also assert that their rights have been violated as set forth under the provisions of M.G.L. c. 151B, §4(2) and the federal laws regarding employment discrimination. They have filed or are filing administrative claims regarding those violations and will file a separate action regarding them when they have been resolved. The plaintiffs will assert their rights for remedies beyond the scope of the National Labor Relations Act, including but not limited to: front wages, punitive damages, interest, costs, and attorneys' fees. The individuals are in a protected class due to their national heritage and have been treated in a disparate manner. The Shop Steward, Jose Ortiz, was not provided with a draft of the Agreement before it was signed or with the Union Constitution.

16. The Agreement does not provide for the effects of the terminations of said employees. Nor does the Agreement reflect any effects bargaining.

17. While the union purported to represent the plaintiffs, two of the members lost two fingers at the Company plant and there have been two fires at the Company plant. The union has not provided apprenticeship, educational, or safety programs.

18. The union has failed to fulfill its legal obligation to represent its members fairly. This does not require perfect representation, or even representation free of negligence. It does mean, however, that a labor organization will be liable if it significantly harms its members through actions that are arbitrary, reckless, or in bad faith like those alleged above. And, the evidence here supports a finding that the Local and the corporate defendants acted in bad faith, intentionally failing to represent the plaintiffs properly for reasons unrelated to legitimate union objectives. See 29 U.S.C.§§159(a) and 185(a).

WHEREFORE, the plaintiffs request the entry of judgment for back pay, front pay, benefits, interest, costs and attorney fees against the defendants.

**PLAINTIFFS HEREBY INVOKE THEIR RIGHT TO TRIAL BY JURY.**

/s/ Robert O.
Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108
Tel: 617-423-7575
BBO No. 03890
Attorney for Plaintiff