UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIGUEZ,<br><br>Plaintiffs<br><br>v.<br><br>SHERMAN-FEINBERG CORPORATION, FARNSWORTH FIBRE CORPORATION, UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, AND UNITED STEELWORKERS OF AMERICA<br>Defendants | NO. 04-10892-JLT |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. The plaintiffs are individuals who reside in Suffolk County, Massachusetts. All of the above-mentioned individuals are Hispanic, employed by defendant Employers, and members of defendant Union.

2. The defendant, United Steelworkers of America, Local 421-U is a local of such union with its principal place of business at 100 Medway Road, Milford, MA 01757.

3. The defendant, United Steelworkers of America is a national union located in Pittsburgh, PA.

4. The defendant, Sherman-Feinberg Corporation, is a duly incorporated Massachusetts corporation with a principal place of business at 185 Old Colony Avenue, Boston, MA 02127.

5. The defendant, Farsworth Fibre Corporation, is a duly incorporated Massachusetts corporation with a principal place of business at 185 Old Colony Avenue, Boston, MA 02127.

6. Venue lies in Massachusetts where the events giving rise to the claim occurred. 28 U.S.C. §1391.

7. The district court has original jurisdiction of this civil action arising under the laws of the United States. 28 §1331.

8. The plaintiffs have exhausted their remedies before coming to court, where on December 27, 2004 the Commission Against Discrimination dismissed the claims on jurisdictional grounds .

**I. BREACH OF DUTY OF FAIR REPRESENTATION AND/OR FIDUCIARY DUTY**

9. There is a November 1,2002-October 31, 2006, Agreement between Sherman-Feinberg Corporation and the Farnsworth Fibre Corporation ("Employers"), and U.S.W.A. Local 421-U ("Union").

10. The Employers gave notice of termination to second-shift employees on November 7, 2003, and to first-shift employees on November 14, 2003. The Employers did not bargain over the decision to lay off for their reasons, and/or the effects of that decision in violation of their fiduciary duty.

11. Before the terminations, on or about November 12, 2003, Lowell Alexander of the Union met with Kenneth Doucette of the Employers. Alexander told Jose Ortiz that the Union could do nothing.

12. Lowell Alexander failed to communicate with the employees in Spanish. No client recalls a Spanish interpreter being available at the Company. Thus, the collective bargaining agreement itself does not amount to fair representation. The union's failure to bargain about the effect of the layoffs violates the law.

13. The dispute of the discharge of all of the (Hispanic) employees was not submitted in writing by the Union to the Employers and presented for adjustments.

14. Therefore, the plaintiffs demanded in writing that a grievance be filed and a complaint lodged about the interpretation, application, or compliance with the terms of the Agreement with respect to the terminations and the Union failed to do so.

15. The failure to do so will be considered an action predicated upon racially discriminatory motivation, which is a breach of the duty of fair representation and breach by the Employers of the labor contract.

16. The above-referenced individuals also assert that their rights have been violated as set forth under the provisions of M.G.L. c. 151B, §4(2) and the federal laws regarding employment discrimination. They have exhausted their administrative remedies claims regarding those violations and hereby file an amended action regarding them. The plaintiffs assert their rights for remedies beyond the scope of the National Labor Relations Act, including but not limited to: front wages, punitive damages, interest, costs, and attorneys' fees. The individuals are in a protected class due to their national heritage and have been treated in a disparate manner. The Shop Steward, Jose Ortiz, was not

provided with a draft of the Agreement before it was signed or with the Union Constitution.

17. The Agreement does not provide for the effects of the terminations of said employees. Nor does the Agreement reflect any effects bargaining.

18. While the union purported to represent the plaintiffs, two of the members lost two fingers at the Company plant and there have been two fires at the Company plant. The union has not provided apprenticeship, educational, or safety programs.

19. The union has failed to fulfill its legal obligation to represent its members fairly. This does not require perfect representation, or even representation free of negligence. It does mean, however, that a labor organization will be liable if it significantly harms its members through actions that are arbitrary, reckless, or in bad faith like those alleged above. And, the evidence here supports a finding that the Local and the corporate defendants acted in bad faith, intentionally failing to represent the plaintiffs properly for reasons unrelated to legitimate union objectives. See 29 U.S.C. §§159(a) and 185(a).

## II. VIOLATION OF DISCRIMINATION LAWS BY UNION AND ITS LOCAL

20. The plaintiffs reallege paragraphs 1-18 of the complaint.

21. The plaintiffs have exhausted their administrative remedies.

22. The plaintiffs assert their rights under all federal and state discrimination laws for remedies beyond the scope of the National Labor Relations Act, including but not limited to: back wages, front wages, punitive damages, interest, costs, and attorneys' fees.

23. The individuals are in a protected class due to their national heritage and have been treated in a disparate manner.

24. The Steelworker's union has engaged in a pattern and practice of continuous discrimination against its Hispanic membership at the Farnsworth Fibre Corporation (Farnsworth), in violation of Massachusetts General Laws, c.151B, §4, ¶2 and Title VII of the 1964 Civil Rights Act.

25. Various plaintiffs lost fingers and suffered burns of their bodies at Farnsworth while the Steelworker's were their union. Each plaintiff is Hispanic, who worked for Farnsworth. During the entire course of his employment, each was a dues-paying member of Local 421-U (District 4) of the United States Steelworkers of America.

26. During the entire course of their employment, the union failed to provide them with the privileges accorded to non-Hispanic union members.

27. Although the entire work force at his job site was Hispanic, the union local failed to provide a Spanish-speaking interpreter to keep the membership appraised of issues.

28. The union failed to engage management in any way (including failing to file grievances) to address the issues of an unsafe workplace. The union failed to put in place any apprentice, training, or educational program at his work site.

29. On November 7 and 14, 2003, the first and second shifts, respectively, were laid off and shop closed. The entire shop had been placed on notice on October 31, 2004 that the shop was closing. The union did nothing to address the lay off issue, although the contract gives it the right to grieve the closing. The membership

attempted to enlist the aid of the International Steelworkers Union regarding the local's complete failure to represent the membership.

30. The International did nothing. The terms of collective bargaining agreement and the failure to bargain about the effects of the layoff were unlawful. .

31. The claims, thus, have no bearing on the collective bargaining agreement (CBA). In essence, the union is being called to task for taking dues from Hispanic members in a sweat-shop where fingers were lost and bodies incinerated.

WHEREFORE, the plaintiffs request the entry of judgment for back pay, front pay, benefits, interest, costs, punitive damages and attorney fees against the defendants.

**PLAINTIFFS HEREBY INVOKE THEIR RIGHT TO TRIAL BY JURY.**

Robert O. Berger
11 Beacon Street, Suite 1210
Boston, MA 02108
Tel: 617-423-7575
BBO No. 03890
Attorney for Plaintiffs

John Lee Diaz
Attorney for Jose Ortiz

6