UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2006 MAR 24 P 3:34

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIGUEZ,<br>　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, AND UNITED STEELWORKERS OF AMERICA,<br>　　　　　Defendants. | CIVIL ACTION<br>NO. 04-10892-JLT |

## OPPOSITION TO SECOND MOTION TO STRIKE

The defendants persist in trying to strike the motion to attach. Before the pretrial conference, the defendants said there was no affidavit. At the pretrial conference, plaintiffs showed the court the two affidavits. Now the defendants claim the affidavits are inadequate. Two of the judges in this district have dealt with this problem. Judge Bowler requires **oral testimony** for an attachment hearing for the question whether plaintiffs are likely to prevail. See *Int'l Union of Iron Workers v. Burtman Iron Works, Inc.*, 164 F. R. D. 305 (D. Mass. 1995). Here, plaintiffs provide the oral testimony of the depositions of both sides that were subject to cross-examination. Judge Gorton emphasized the need for "specific facts" **or** supporting affidavits in *Tunnicliff v. Motel 6*, 178 F.R.D. 8 (D. Mass. 1998). In the form of depositions and documents annexed to an affidavit, plaintiffs

provided specific facts for a highly complex case. The clear need for deposition and documentary evidence is that the federal courts require a party to set forth with particularity the underlying facts in support of the attachment such as the failure to file grievances and arbitrate disputes, failure to include the membership of the plant in meetings, the lack of safety programs, the severing of fingers, the express language of discrimination, the constant fires, collective bargaining agreements favoring other workers over these, which cannot be reduced to workable affidavit formats. See *Digital Equipment v. Currie Enterprises*, 142 F.R. D. 16 (D. Mass. 1991) (detailed reporting of sales of computer components and business sales.)

The defendants overlook a case in suggesting that attachments are unavailable for a discrimination case. See *Rogriguez v. Montalvo*, 327 F. Supp. 2d 212 (D.Mass. 2004). Without the deposition transcripts and the documents, the prima facie case cannot be shown in an area of law like discrimination. The admissions of the defendant are in a deposition transcript of the union representative. Obviously, plaintiffs cannot get an affidavit from an adverse party like this union representative. At best, the defendants seem to be talking about an affidavit supporting an ex parte attachment in state court under Rule 4.1, but see *Digital, id.*, and *Iron Workers*, id.; however, this case is post-discovery.

The deposition transcripts are on each witness's (including that of defendant's) knowledge, information, and belief and the documents are agreed exhibits. So there is compliance with Rule 4.1. Perhaps the defendants wished to hide the admissions of the defendants that appear in the deposition of Lowell Alexander. The plaintiffs cannot procure his affidavit as an opposing party.

Respectfully Submitted,

*/s/ Robert O. B/*
John Lee Diaz, Esq.
Robert O. Berger, BBO #: 038900
11 Beacon Street, Suite 1210
Boston, MA 02108
Tel (617) 423-7575

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 3/24/06

*/s/ Robert O. B/*