UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIGUEZ,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, AND UNITED STEELWORKERS OF AMERICA,<br>　　　　　　Defendants. | CIVIL ACTION<br>NO.: 04-10892-JLT |

**OPPOSITION TO MOTION TO STRIKE SECOND AMENDMENT IN PART**

The defendants try to strike parts of the amended complaint.

They claim unfair surprise about a theory in the amended pleadings. The statutory reference is to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. In Defendant's Brief in Support of Motion for Summary Judgment, at p. 38, filed over 9 months ago, and after discovery, Defendants cited *Goodman v. Lukens Steel Company*, 482 U. S. 656 (1987) to argue that the case under § 1981 applies to this one. The plaintiffs agree. In *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987), the Supreme Court adopted a three year statute of limitations for discriminatory practices in failing to process discharges, in failing to assert instances of racial discrimination as grievances,

and in tolerating and tacitly encouraging racial harassment. Therefore, the Defendants cannot have it both ways: they said the theory applies, and now they cannot say that it does not apply.

The defendants next claim "bad faith" in the allegations arising from discovery. Rule 15(b) permits post-trial amendments to conform the pleadings to the evidence. Fed. R. Civ. P. 15(b). The defendants fault the plaintiffs in their "bad faith" for not filing a motion to amend. But Judge Tauro on March 2, 2006 ordered: "Plaintiffs shall file an Amended Complaint on or before March 9, 2006." That the plaintiffs did. The defendants, incredibly, state that they did not do discovery about matters not within 300 days of the filing. Meanwhile, the defendants have filed a motion in limine to strike evidence prior to 300 days of the filing, arising out of depositions taken by them.

The plaintiffs will exercise restraint of pen in expressing their feelings at being accused of being unprofessional in responding to a court order.

Respectfully submitted,

Dated: March 28, 2006

/s/ Robert O. Berger, /s/ John Lee Diaz
Robert O. Berger (BBO#: 038900)
John Lee Diaz (BBO#: 542819)
11 Beacon Street, Ste. 1210
Boston, MA 02108
(617) 423-7575 Tel
(617) 275-8000 Fax
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIGUEZ,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, AND UNITED STEELWORKERS OF AMERICA,<br>　　　　　　Defendants. | CIVIL ACTION<br>NO.: 04-10892-JLT |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by electronic transfer on the attorney of record for each party.

Dated: March 28, 2006　　　　　　　　　　　/s/ Robert O. Berger
　　　　　　　　　　　　　　　　　　　　　Robert O. Berger (BBO#: 038900)

3