**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIQUEZ, ) ) ) ) ) ) ) ) ) ) ) | ) ) Civil Action No. 04-10892-JLT |
| Plaintiffs, ) | |
| v. ) ) | |
| UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, and UNITED STEELWORKERS OF AMERICA, ) ) ) ) | |
| Defendants. ) _____) | |

**REPLY TO PLAINTIFFS' OPPOSITION TO UNION'S MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, FOR A CONTINUANCE TO ENGAGE IN FURTHER DISCOVERY REGARDING NEWLY ASSERTED CLAIMS**

*Introduction*

Now come the Defendants United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local Union 421-U (the Local) and United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC (the International) (collectively, the Union) and hereby file this reply to the Plaintiffs' opposition to the Union's motion to strike portions of the Second Amended Complaint

or, in the alternative, for a continuance to engage in further discovery regarding newly asserted claims.

On March 23, 2006, the Union filed the subject motion together with a supporting memorandum contending that the Court should strike the portions of the Plaintiffs' Second Amended Complaint relating to new facts and a new legal claim arising under 42 U.S.C. § 1981 because (1) the Plaintiffs' filed such amendments without leave of the Court; (2) the Plaintiffs' failed to show good cause for such amendments; and/or (3) the amendments, if allowed, would prejudice the Union and be wasteful of the Court's time and resources.  In the alternative, the Union requested that the Court reopen discovery to allow the Union to take additional discovery relating to allegations occurring within the enlarged statute of limitations period the section 1981 claim would allow.  On March 28, 2006, the Plaintiffs filed a brief opposition to the Union's motion, and the Union hereby files this reply to correct material misstatements made by the Plaintiffs' in their opposition.

***Discussion***

### 1. The Plaintiffs' Materially Misrepresented the Arguments the Union Made in its Summary Judgment Filings in that the Union Has Never Argued That the Section 1981 Statute of Limitations Applies to the Instant Case.

In their opposition to the Union's pending motion, the Plaintiffs state that on page 38 of its memorandum in support of its motion for summary judgment, the Union "cited Goodman v. Lukens Steel Company, 482 U.S. 656 (1987) to argue that the case under § 1981 applies to this one." [Pl. Opp. at 1.]  This statement is patently false.[1]  The only

---

[1] As there is absolutely no basis for this factual assertion of Plaintiffs' counsel, and indeed, as this assertion is entirely false, the Union contends that Plaintiffs' counsel is hewing perilously close to conduct that would be sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

2

reference the Union made to <u>Goodman</u> in its entire summary judgment memorandum is as follows:

> Where a plaintiff charges his or her union with discrimination based upon race or ethnic origin, there is essentially no difference between a Title VII claim and a claim of discrimination in violation of the duty of fair representation. Several courts have recognized that the applicable legal standards are essentially the same. <u>See EEOC v. Pipe Fitters Assoc., Local Union 597</u>, 334 F.3d 656 (7th Cir. 2003) (<u>Pipe Fitters Assoc.</u>) (citing <u>McDonald v. Santa Fe Trail Transportation Co.</u>, 421 U.S. 273 (1976); <u>Goodman v. Lukens Steel Company</u>, 482 U.S. 656 (1987)).

[Union's Memo. at 38.] As is evident from this excerpt, the Union made absolutely no reference to or argument regarding section 1981, but rather made reference to the <u>Goodman</u> Court's recognition that the standards between a Title VII discrimination claim and a claim of the violation of the duty of fair representation, which would arise under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, are essentially the same. Because the Union has not been faced with a section 1981 claim in the present litigation, at no time has the Union ever made **any** arguments regarding such a claim.

### 2.     The Plaintiffs' Materially Misstate the Union's Arguments Under Rule 15(b), as the Union Has Not Accused the Plaintiffs of Acting in Bad Faith.

In their opposition to the Union's pending motion, the Plaintiffs state that "the defendants next claim 'bad faith' in the allegations arising from discovery." [Pl. Opp. at 2.] This statement is similarly false. The Union did not allege that the Plaintiffs engaged in bad faith but rather alleged that the amendments would unduly prejudice the Union and would be wasteful of the Court's time and resources. [Memo. in Support of Union's Mot. to Strike Portions of Second Amended Compl. at 8-13.]

### 3. **The Plaintiffs Can Take No Refuge from the Court's Order to Amend the Complaint Since Such Order Was Based on the Court's Suggestion That the Plaintiffs' Remove Allegations From the Complaint, Not Add Additional Allegations**

In the same paragraph, the Plaintiffs attempt to take refuge in the Court's order to amend the complaint as justification for the new allegations and legal claim they present. But as the Union argued in the memorandum in support of its motion to strike portions of the amended complaint, the Court only granted Plaintiffs leave to amend the complaint to remove the duty of fair representation allegations and to withdraw the Employer as a party from the case. [See Transcript excerpts, id. at 2-3.]

Finally, contrary to Plaintiffs' suggestion, there is nothing inconsistent about the Union's motion to strike and its previously filed motion in limine to restrict evidence of events occurring more than 300 days prior to the Plaintiffs' filing. Indeed, the Union filed its motion in limine well before the filing of the second amended complaint precisely because it determined that it had no legal obligation to respond to allegations occurring outside of the 300-day Title VII limitations period. Since the Union determined it had no liability for any acts occurring outside of that 300-day period, the Union has yet to take any opportunity to seek discovery to rebut those allegations. But if those allegations will now fall within the statute of limitations, the Union must be given the opportunity to fully defend itself against them.

*Conclusion*

For the reasons asserted herein and in the memorandum in support of the Union's motion, the Union respectfully requests that the Court grant its motion and strike those portions of the Second Amended Complaint improperly included or, in the

4

alternative, that the Court continue this matter and reopen the discovery period to allow the Union to engage in discovery related to the newly asserted claims.

Respectfully submitted,

Dated: March 31, 2006

_s/Alfred Gordon_____
Harold L. Lichten, BBO # 549689
Alfred Gordon, BBO # 630456
PYLE, ROME, LICHTEN, EHRENBERG
    & LISS-RIORDAN, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

Robert Alexander, *pro hac vice*
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W.
Washington, D.C. 20005-2207
(202) 842-2600

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by electronic filing on the attorneys of record for each party on March 31, 2006, and by U.S. Mail on those who cannot receive electronic filings.

__s/Alfred Gordon_____
Alfred Gordon