UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

EUCLIDES SOTO, LOUIS A. MARTINEZ,
JOSE RAMIREZ, CLEMENTE HERNANDEZ,
CESAR PIZARO, ELISON PENA,
JUAN COLON, JOSE ORTIZ, RAFAEL TORRES,
ANGEL BAEZ, ANTONIO MARTINEZ,
WILFREDO ORTIZ, EULOGIO ORTIZ,
MIRRAIN MIRANDA, RAFAEL MORENO,
NELSON ACEVEDO, and
RAMON RODRIQUEZ,

            Plaintiffs,

v.

SHERMAN-FEINBERG CORPORATION,
FARNSWORTH FIBRE CORPORATION,
UNITED STEELWORKERS OF AMERICA,
LOCAL 421-U, and UNITED STEELWORKERS
OF AMERICA,

            Defendants.
_____

Civil Action No.
04-10892-JLT

**UNION DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO UNION DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
<u>SUPPLEMENTARY MOTION TO ATTACH</u>**

*Introduction*

      Defendants United Steelworkers, Local Union 421-U, and United Steelworkers, AFL-CIO/CLC (collectively, the Union) hereby submit this Reply to Plaintiffs' Opposition to Union Defendants' Motion to Strike Plaintiffs' Supplementary Motion to Attach Assets. Plaintiffs' opposition provides no additional support for their supplemental motion to attach, so the Union's motion to strike this supplemental motion should be granted.

*Discussion*

Plaintiffs filed their original Motion to Attach Assets of the United Steelworkers of America and memorandum in support thereof in this matter on February 13, 2006.  In response, the Union filed a motion to strike the plaintiffs' motion together with an Opposition to the Plaintiffs' Motion to Attach.  The Court held a hearing on the plaintiffs' motion on March 2, 2006, in which the Court indicated its intention to grant the Union's motion to strike and deny the plaintiffs' motion for attachment.  The Court agreed to revisit the motion based on the representations of plaintiffs' counsel that the required affidavits were in the record of this case.  However, without seeking leave of the Court, the plaintiffs thereafter filed the pendant supplementary motion to attach.  In response, the Union filed a motion to strike plaintiffs' supplementary motion together with an Opposition to Plaintiffs' Supplemental Motion to Attach on March 22, 2006.  The plaintiffs in turn filed an Opposition to the Union's second motion to strike, to which the Union is now replying.

*Argument*

As set forth in the Union's motion to strike plaintiffs' supplemental motion to attach, the plaintiffs' motion is procedurally insufficient because the plaintiffs have *still* failed to submit affidavits in support of their motion, as required by Mass. R. Civ. P. 4.1.  The plaintiffs failed to attach any affidavits to their supplementary motion.  In addition, while the Plaintiffs *reference* affidavits in their supplementary motion, these affidavits fail to provide sufficient support for their motion to attach since they are soley affidavits of

2

counsel and in any event fail to set forth the required facts to support attachment based on the affiant's own knowledge, information, or belief.

In their recent Opposition, now before this Court, the plaintiffs attempt to remedy their failure to attach affidavits to their supplemental motion by claiming that Rule 4.1 allows them to submit "oral testimony" in the form of deposition transcripts, in lieu of affidavits, to support their motion.[1]  In making this claim, the plaintiffs erroneously rely upon Int'l Union for Iron Workers v. Burtman Iron Works, Inc., 164 F.R.D. 305 (D. Mass 1995). The Burtman Iron Works court made no findings regarding the use of oral testimony to support a motion to attach; rather, the court only made findings specific to Mass. R. Civ. P. 4.1(g) and 4.2(h) and the procedures with respect to the *dissolution* of an attachment, which allow a moving party to present evidence in support of its motion for dissolution through "testimony or affidavit."  Id. at 306.

In this case, the Plaintiffs' have filed not one but *two* motions to attach the assets of the Union pursuant to 4.1(c), neither of which the Court has ruled upon, making the procedures set forth in Burtman Iron Works and Rules 4.1(g) and 4.2(h) regarding dissolution of attachments irrelevant.  Moreover, unlike Rules 4.1(g) and 4.2(h), Rule 4.1(c) *expressly* requires the party moving for attachment to "submit affidavits setting forth specific facts to warrant the required findings," and this Court has held that such rules must be followed.  Hamilton v. Arnold, 135 F. Supp. 2d 99, 104-05 (D. Mass.

---

[1] In addition to this claim, the Plaintiffs state that the Union has "overlooked" the case of Rodriguez v. Montalvo, 337 F.Supp.2d 212 (Mass. 2004), in making its claim that attachments cannot be allowed in discrimination cases.  However, the Union has never made such a claim in any of its filings before this Court.  The plaintiffs are therefore tilting at windmills.

2001).  The plaintiffs have failed to show cause for this Court to retreat from such well-settled principles.[2]

Plaintiffs also rely upon Judge Gorton's decision in Tunnicliff v. Motel 6, 178 F.R.D. 8 (D. Mass. 1998), in making their claim that a motion to attach may be supported by "oral testimony," rather than affidavits.  According to the plaintiffs, the Court held that a motion to attach could be supported by a choice of "specific facts" *or* "supporting affidavits"; however, the Plaintiffs grossly misquote the Court.  In denying the plaintiffs' motion to attach in that case, the Court actually held that the plaintiff failed to submit "supporting affidavits *and* ha[d] not otherwise alleged specific facts showing a reasonable likelihood of recovery . . . ."  Id. at 10 (emphasis added).  Contrary to the plaintiffs' contention here, the Court plainly did not authorize a new either-or approach to supporting testimony for attachment motions.  Rather, the Court's ruling is consistent with Rule 4.1(c) *expressly* requiring the party moving for attachment to submit affidavits setting forth specific facts.

Moreover, similar to Tunnicliff, the plaintiffs in this case did not submit an affidavit in support of their supplemental motion, and none of the facts to which plaintiffs' attorney, the affiant, swore in previously filed affidavits is even tangentially related to the "required findings," which include a reasonable likelihood of recovery.  Thus, under the logic of Tunnicliff, the Plaintiffs' supplemental motion to attach should be struck in its entirety.

---

[2] Not only do the plaintiffs fail to set forth specific facts in an affidavit, but the deposition testimony referred to in counsel's affidavit fail to set forth *any* facts with specificity, let alone with enough specificity to establish entitlement to judgment.

WHEREFORE, for all the reasons stated herein and set forth in the Union's Motion to Strike Plaintiffs' Supplementary Motion to Attach, filed March 22, 2006, the Union respectfully requests that this Court strike Plaintiffs' Supplementary Motion to Attach.


Dated: April 7, 2006

    s/Alfred Gordon
Harold L. Lichten, BBO # 549689
Alfred Gordon, BBO # 630456
PYLE, ROME, LICHTEN, EHRENBERG
   & LISS-RIORDAN, P.C.
18 Tremont St., Ste. 500
Boston, MA  02108
(617) 367-7200

Robert W. Alexander, Esq., *pro hac vice*
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W.
Washington, D.C. 20005-2207
(202) 842-2600

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by electronic filing on the attorney of record for each party on April 7, 2006, or by U.S. Mail on those counsel who are not registered to receive electronic filings.


    s/Alfred Gordon
Alfred Gordon