## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea
Alfred Gordon

Nicole Horberg Decter**
Rebecca G. Pontikes
Leah M. Barrault
Hillary Schwab**

Tod A. Cochran
Of COUNSEL

*Also admitted in Maine
**Also admitted in New York

July 11, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph L. Tauro
United States District Court
One Courthouse Way
Boston, MA 02210

Re:   <u>Euclides Soto, et al. v. Sherman-Feinberg Corporation, et al.</u>
      U.S. District Court, Civil Action No. 04-10892-JLT

Dear Judge Tauro:

In the Pretrial Conference held in the above-referenced matter on March 2, 2006, and in the Court's Order of the same date, the Court approved the Plaintiffs' request to amend the Complaint in this matter to withdraw the allegations that the Defendant Union violated its duty of fair representation toward the Plaintiffs. During the conference and in the subsequent Order, the Court further indicated that it would reconsider or take under advisement all previously submitted motions. Thereafter, on March 8, the Plaintiffs filed an Amended Complaint in which they withdrew the duty of fair representation allegations. In withdrawing those allegations, the only remaining counts in the Complaint allege that the Union intentionally discriminated against the Plaintiffs in violation of Title VII and/or 42 U.S.C. § 1981.[1]

---

[1] On March 23, 2006, the Union filed a motion to strike the portions of the Amended Complaint that added allegations under 42 U.S.C. § 1981. That motion is still pending but does not affect the issues raised in this letter, since both a Title VII claim and a § 1981 claim would require a finding of intentional discrimination on the part of the Union.

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

Hon. Joseph L. Tauro<br>
re: C.A. No. 04-10892-JLT<br>
July 11, 2006<br>
Page 2 of 2

  Because the only remaining counts in this matter allege that the Union has intentionally discriminated against the Plaintiffs, and because the Plaintiffs have failed to offer any evidence of intentional discrimination whatsoever, the Union contends (as it did in its July 20, 2005, motion for summary judgment) that it is entitled to judgment as a matter of law. The Court previously denied the Union's summary judgment motion without comment, so the parties cannot discern whether the denial was based on the duty of fair representation allegations, the discrimination allegations, or both. However, as indicated above, and as argued at length in the Union's memorandum in support of its summary judgment motion, the Union believes it is entitled to judgment in its favor due to the lack of evidence of intentional discrimination.

  Therefore, based on the Court's March 2, 2006, Order indicating that it would reconsider all previously submitted motions, the Union respectfully requests that the Court reconsider the Union's motion for summary judgment. Should the Court desire separate briefing on this matter to clarify the arguments that remain after the withdrawal of the duty of fair representation allegations, the Union would gladly provide such briefing at a time of the Court's choosing.

            Sincerely,

            Alfred Gordon

Enclosures

cc: Franklin H. Levy, Esq. (by electronic filing)
   Robert O. Berger, Esq. (by electronic filing)
   John Lee Diaz, Esq. (by facsimile)
   Theresa Merrill Stones, Esq. (by facsimile)
   Robert Alexander, Esq. (by electronic filing)
   Harold L. Lichten, Esq. (by hand)

74