UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
EUCLIDES SOTO, et al.,                      )
                                            )
                    Plaintiffs,             )
                                            )   Civil Action No.
v.                                          )   04-10892-JLT
                                            )
UNITED STEELWORKERS OF AMERICA,             )
AFL-CIO/CLC and UNITED STEELWORKERS         )
OF AMERICA, LOCAL 421-U,[1]                 )
                                            )
                    Defendants.             )
_____ )

**PATTERY JURY INSTRUCTIONS OF DEFENDANTS UNITED STEELWORKERS, LOCAL 421-U AND UNITED STEELWORKERS**

Now come the Defendants United Steelworkers, Local 421-U and United Steelworkers and provide the attached jury instructions regarding the elements of the Title VII claim, the Union's responsibility for employer discrimination, and consideration of evidence beyond the statute of limitations for Title VII actions.

---

[1] The United Steelworkers of America has merged, and now, the official name is United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC.

## ELEMENTS OF TITLE VII CLAIM AGAINST UNION DEFENDANTS[2]

In this case, plaintiffs accuse the defendant unions of discrimination against them in violation of federal law because of plaintiffs' national origin, which is Hispanic. More specifically, plaintiffs contend that the defendant unions discriminated against them by failing to grieve their employer's plant-closing decision and failing to negotiate with the employer for severance benefits upon plaintiffs' layoff from the plant. Defendant unions deny this accusation.

In order for plaintiffs to prevail on their claim, they must prove by a preponderance of the evidence (1) that plaintiffs were treated differently than the union treated other similarly situated members laid off because of the employer's decision to close a plant, and (2) that their Hispanic national origin was a motivating factor for the union's different treatment.

Plaintiffs do not need to show that their Hispanic national origin was the only reason that motivated the unions' actions or omissions, but they do need to prove that discrimination because of plaintiffs' Hispanic origin was a reason that motivated the unions not to grieve the employer's decision to close the plant or to negotiate severance benefits for plaintiffs when the employer closed the plant. In other words, in order for you to find for plaintiffs, you must find that plaintiffs have proven by direct or circumstantial evidence that, even though there may have been other nondiscriminatory reasons for the defendant unions' decision, if plaintiffs' national origin were not Hispanic

---

[2] **Sources:**  42 U.S.C. § 2000e-2(c) (2005); *Draft Pattern Jury Instructions for Cases of Employment Discrimination* 1.1, 1.2 (Oct. 17, 2005); *Third Circuit Model Civil Jury Instructions* 5.1.2 (2006); *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 284-85 (1976); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 96, 101-02 (2003); *Webber v. Int'l paper Co.*, 417 F.3d 229, 238 (1st Cir. 2005); *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 31 (1st Cir. 2003); *Andujar v. Nortel Networks, Inc.*, 400 F. Supp. 2d 306, 329 (D. Mass. 2005); *Blair-Corrales v. Marine Eng'rs' Ben.. Ass'n.*, 380 F. Supp. 2d. 22, 26, 29 (D. P.R. 2005).

the unions would have grieved the employer's plant closing decision and negotiated severance benefits for plaintiffs.

The unions have given nondiscriminatory reasons for their actions. You cannot find intentional discrimination simply because you disagree with the unions' business judgment or believe it was harsh or unreasonable. A union is entitled to make collective bargaining decisions for any nondiscriminatory reason, even if its judgment seems unwise. If you disbelieve the unions' explanation for their conduct, then you may, but need not, find that plaintiffs have proved intentional discrimination. In determining whether the unions' stated reason for their actions was a pretext, or excuse, for discrimination, you may not question the unions' business judgment. You may, however, consider whether the unions' reasons are merely a cover-up for discrimination.

**UNIONS' RESPONSIBILITY FOR EMPLOYER'S DISCRIMINATION**[3]

Evidence has been introduced of actions taken at the plant by plaintiffs' employer, as well as actions plaintiffs' employer failed to take, both of which plaintiffs contend were discriminatory.  I am instructing you that the unions are not responsible for discrimination by the employer against plaintiffs unless the unions caused the employer to discriminate against plaintiffs on the basis of plaintiffs' national origin.  The unions had no duty to investigate or rectify any discriminatory actions of plaintiffs' employer and, unless you find by a preponderance of the evidence that the unions caused the employer to discriminate against plaintiffs, you may not hold the unions responsible for the employer's discrimination.

---

[3] **Sources:**  42 U.S.C. § 2000e-2(c); *EEOC v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 659-62 (7th Cir. 2003); 2 Lex K. Larson, *Employment Discrimination*, § 37.07 at 37-36, 37 (2d ed. 2006).

**EVIDENCE OF EVENTS PRIOR TO JULY 11, 2003[4]**

Evidence has been introduced regarding events that took place at the plant prior to July 11, 2003.  I am instructing you as a matter of law that you may not find the unions liable for discrimination for events occurring prior to July 11, 2003.  You may only consider evidence of such events, if probative, as background evidence to plaintiffs' claim that the unions discriminated against plaintiffs because of their national origin in connection with their representation of plaintiffs regarding the shutdown of the plant in October 2003.

---

[4] **Sources**:  42 U.S.C. § 2000e-5(e); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112-13 (2002); *Luciano v. Coca-Cola Enters., Inc.*, 307 F. Supp. 2d 308, 318-19 (D. Mass. 2004).