# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIQUEZ,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, and UNITED STEELWORKERS OF AMERICA,<br><br>     Defendants. | Civil Action No.<br>04-10892-JLT |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DEFAULT ON CLAIM AGAINST DEFENDANTS

Now come the Defendants United Steelworkers, Local 421-U and United Steelworkers and hereby file this opposition to the Plaintiffs' Motion to Default on Claim Against Defendants. The Court must dismiss the Plaintiffs' motion because the Defendants have complied with the Court's discovery order and produced all relevant documents as soon as their existence and relevance became known.

### *Background*

On January 9, 2007, the Defendants provided Plaintiffs' counsel with the following documents:

    (1)    a 1983-1986 collective bargaining agreement between Sherman-Feinberg Corp./Farnsworth Fiber Corp. and the Upholsterer's International Union;

    (2)    several documents relating to the closing of Davol Inc., a company whose employees were represented by the Defendant Unions;

    (3)    four collective bargaining agreements between the United Steelworkers and various Rhode Island corporations serviced by expected witness Albert Polk;

    (4)    various documents relating to the 2002 negotiations between the Defendant Unions and Sherman-Feinberg Corp./Farnsworth Fibre Corp, which had previously been provided as part of the Defendants' disclosures in April 2005.

[See Affidavit of Alfred Gordon, attached hereto as Exhibit 1.]

The first document listed above – the contract between the Upholsterer's Union and Sherman-Feinberg Corp./Farnsworth Fibre Corp. (the Company) – was not previously provided as it does not appear to be relevant to the disputed facts in this case. [Id. ¶ 3.] The Defendants have since withdrawn the document from their proposed exhibit list, filed on January 10, 2007, and do not intend to present it at trial.

The second group of documents relating to Davol Inc. did not come to light and therefore did not come into the possession of Defendants' counsel until January 3, 2007. In discussions with witness Lowell Alexander at his office on that date, he for the first time recalled that he had been involved with one more plant closing beyond those that he testified to in his deposition. He provided the relevant documents to the undersigned, who in turn provided them to Plaintiffs' counsel.[1] [Id. ¶ 4.]

The third group of documents – four collective bargaining agreements serviced by witness Albert Polk – also did not come to light as possible exhibits until January 3, 2007.[2] In discussions with counsel in preparation for trial, witness Albert Polk described several plant

---

[1] Fifty-nine (59) pages of this documentation is a lengthy Bankruptcy filing listing all of the Davol Inc.'s creditors, including its former employees.

[2] These four agreement account for nearly 150 of the 243 pages that Plaintiffs allege were not previously produced.

2

closings that he had been involved with that are completely unrelated to the facts of this case but that could come up during his testimony. Though the documents themselves are completely unrelated to the matter before this Court, out of an abundance of caution, the Defendants retrieved copies of the collective bargaining agreements for those plants that have closed and provided them to the Plaintiffs. [Id. ¶ 5.]

Finally, the fourth group of documents – relating to the 2002 contract negotiations between the Defendants and the Company – were previously produced on April 21, 2005. In this regard, per the request of the Plaintiffs to review the union's files relating to the Company, the Defendants caused their entire file – with the exception of attorney-client privileged documents – to be photocopied and sent to the Plaintiffs. [Id. ¶ 6.]

### *Argument*

The penalty suggested by the Plaintiffs – default judgment – is plainly inappropriate because the Defendants have not in any way violated any discovery obligations and because, in any event, the Defendants have certainly not acted willfully or deliberately to deprive the Plaintiffs of any discoverable information.

The penalty of default judgment is the "most severe in the spectrum of sanctions" under Rule 37 of the Federal Rules of Civil Procedure. Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam). It is therefore only appropriate where "one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice." Kozlowski, PPA v. Sears, Roebuck & Co., 73 F.R.D. 73, 77 (D. Mass. 1976) (citing Trans World Airlines v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964)). See also Mutual Fed. Savings & Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 89, 92 (4th Cir. 1989) (requiring a finding of bad faith for Rule 37 dismissal); Regional Refuse Systems, Inc.

3

v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir. 1988) (requiring a finding of "wilfullness, bad faith, or fault" for Rule 37 dismissals or defaults); Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (same); Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992) (requiring some significant culpability for Rule 37 defaults).

In this matter, the Defendants did not willfully or deliberately disregard any Court order. As described above and in the attached affidavit, none of the documents that were recently produced for the first time (numbered (2) and (3) above) has anything to do with the specific facts of this case, particularly since none relates to the dealings between the Defendants and the Company.[3]  As regards the documents in group (2) relating to the closing of Davol Inc., those documents only came to light in discussions with witness Lowell Alexander last week and were provided to the Company within one week's time.  The same is true for the collective bargaining agreements in group (3) relating to plant closings handled by witness Albert Polk, which did not come to light until last week.  Furthermore, the group (3) documents are not relevant to the facts of this case but rather were provided to the Plaintiffs on the chance that these plant closings come up in Mr. Polk's testimony, either through direct- or cross-examination.  Finally, the group (4) documents all appear in the Local Union's Farnsworth-Fibre file, which was provided to the Plaintiffs nearly two years ago.

Since the Defendants provided all of these documents (many of which have little or no relevance to this case) as soon as they came to light, the Defendants did not engage in any willful or deliberate failure to provide information per the Court's November 3, 2004, order.  The Defendants did not in any way obstruct the free flow of information in this case, but rather acted with due dispatch in providing this information as soon as its possible relevance became

4

apparent. Therefore, since the Defendants have not violated any discovery obligations, the Court must flatly reject the Plaintiffs' motion for default judgment as wholly unnecessary and inappropriate.

### *Conclusion*

For the reasons asserted herein, the Defendants respectfully requests that the Court dismiss the Plaintiffs' motion for Rule 37 sanctions.

Respectfully submitted,

Dated: January 10, 2007                    /s/ Alfred Gordon
                                           Harold L. Lichten, BBO # 549689
                                           Alfred Gordon, BBO # 630456
                                           Pyle, Rome, Lichten, Ehrenberg
                                                 & Liss-Riordan, P.C.
                                           18 Tremont St., Ste. 500
                                           Boston, MA  02108
                                           (617) 367-7200

                                           Robert Alexander
                                           Bredhoff & Kaiser, P.L.L.C.
                                           805 15th Street N.W., Ste. 1000
                                           Washington, DC 20005
                                           (202) 842-2600

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by electronic notice on the attorney of record for each party on January 10, 2007.

                                           /s/ Alfred Gordon
                                           Alfred Gordon

---

[3] The document listed as number (1) above has been withdrawn by the Defendants, but in any event, it has no relation to the Defendants or to this case as it was negotiated between the Company and a predecessor union more than twenty (20) years ago.