UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, and RAMON RODRIQUEZ, <br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 421-U, and UNITED STEELWORKERS OF AMERICA,<br><br>        Defendants. | Civil Action No. 04-10892-JLT |

## AFFIDAVIT OF ALFRED GORDON

I, Alfred Gordon, hereby swear and affirm as follows:

1. I am counsel for the Defendants United Steelworkers, Local 421-U (the Local Union) and United Steelworkers (the International), in the above-captioned matter.

2. On January 9, 2007, I caused the following documents to be provided to Plaintiffs' counsel, Robert O. Berger, by hand-delivery to his law office:

   (1) a 1983-1986 collective bargaining agreement between Sherman-Feinberg Corp./Farnsworth Fiber Corp. and the Upholsterer's International Union;

   (2) several documents relating to the closing of Davol Inc., a company whose employees were represented by the Defendant Unions;

   (3) four collective bargaining agreements between the United Steelworkers and various Rhode Island corporations serviced by expected witness Albert Polk;

   (4)  various documents relating to the 2002 negotiations between the Defendant Unions and Sherman-Feinberg Corp./Farnsworth Fibre Corp. which were provided to the Plaintiffs in April 2005.

  3. At the time of the April 2005 disclosures referenced in ¶ 2(4) above and ¶ 6 below, the first document listed above in ¶ 2(1) did not appear in the Union's District Office files relating to Sherman-Feinberg Corp./Farnsworth Fibre Corp. (the Company). That document, a 24-year-old contract between the Company and the Upholsterer's Union, did not appear relevant either at that time or at present, and it has therefore been withdrawn from the Defendants' proposed exhibit list.

  4. On January 3, 2007, the undersigned met with witness Lowell Alexander in his Milford, Mass., office for continued preparations for the upcoming trial in this matter. Mr. Alexander is the union representative who was responsible for the union's response to the plant closing that is at issue in this case. During our January 3 meeting, Mr. Alexander recalled that he had been involved in a plant closing at Davol Inc. that he had not remembered during his deposition, at which time he had disclosed the five other plant closings he had been involved with. The undersigned therefore requested that Mr. Alexander provide any documents in his possession relating to the closing of Davol Inc. and subsequently provided those documents by hand-delivery to the Plaintiffs' counsel on January 9, 2007.

  5. On January 3, 2007, the undersigned met with witness Albert Polk in his Milford, Mass., office for continued preparations for the upcoming trial in this matter. During that meeting, the first such meeting between Mr. Polk and trial counsel, Mr. Polk mentioned four plant closings that he had personally been involved with that have similar characteristics to the plant closing at issue in this case. Such plant closings have no relation to the facts of this case because (1) they are unrelated to the Company at issue here and (2) Mr. Polk had no personal involvement with the plant closing at issue here. However, understanding that such plant

closings could come up in Mr. Polk's testimony, either on direct- or cross-examination, the undersigned obtained copies of all documents relating to those plant closings and provided those documents by hand delivery to the Plaintiffs' counsel on January 9, 2007.

6. In or around March or April 2005, Plaintiffs' counsel Robert Berger requested to review the Local Union's files relating to Farnsworth Fibre, which were maintained in the International Union's District 4 office in Milford, Mass. In response to that request, I caused the Local Union's entire file to be photocopied, excepting only attorney-client privileged documents, and those documents were sent to Mr. Berger via first class mail on April 21, 2005. Thereafter, when I created the Defendants' proposed trial exhibit list on January 9, 2007, I caused certain of those previously provided documents to be photocopied and provided to Mr. Berger again by hand-delivery as those documents now appeared on the Defendants' proposed exhibit list.

7. At no time did the Defendants knowingly withhold any documents that are relevant to disputed facts in this matter.

8. At no time did the Defendants fail to provide any documents requested by the Plaintiffs.

Subscribed and sworn under the pains and penalties of perjury this 10th day of January, 2007.

                                       /s/ Alfred Gordon
                                          Alfred Gordon

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served by electronic notice on the attorney of record for each party on January 10, 2007.

                                       /s/ Alfred Gordon
                                          Alfred Gordon