UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

"FILED IN OPEN COURT"
1-11-07
Z.G.L.

|  |  |
|---|---|
| EUCLIDES SOTO, LOUIS A. MARTINEZ, JOSE RAMIREZ, CLEMENTE HERNANDEZ, CESAR PIZARO, ELISON PENA, JUAN COLON, JOSE ORTIZ, RAFAEL TORRES, ANGEL BAEZ, ANTONIO MARTINEZ, WILFREDO ORTIZ, EULOGIO ORTIZ, MIRRAIN MIRANDA, RAFAEL MORENO, NELSON ACEVEDO, And RAMON RODRIGUEZ,<br>    Plaintiffs,<br><br>V.<br><br>SHERMAN-FEINBERG CORPORATION, FARNSWORTH FIBRE CORPORATION, UNITED STEELWORKERS OF AMERICA, LOCAL 421-U AND UNITED STEELWORKERS OF AMERICA,<br>    Defendants. | CIVIL ACTION<br>NO.: 04-10892-JLT |

### OPPOSITION TO MOTION IN LIMINE OF THE DEFENDANTS UNITED STEELWORKERS LOCAL 421-U AND UNITED STEELWORKERS TO PRECLUDE THE TAKING OF EVIDENCE RELATING TO THE PLAINTIFFS' DISCRIMINATION CLAIMS OCCURRING BEYOND THE STATUTUE OF LIMITATIONS

This court denied the identical motion on June 12, 2006. The defendants do not offer any new authority. Moreover, the defendants fail to point out that this is a motion for reconsideration of the denial of the same motion on June 12, 2006.

The point of law about evidence of discrimination before the statute of limitations deadline has been decided by the United States Supreme Court and the SJC.

In *National Railroad v. Morgan*, 536 U.S. 101, 118 (2002) the Court held "discrete discriminatory acts are not actionable if time barred, even when they are related

to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, do not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. *__Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.__* The statute of limitations requirement is still met if at least one act falls within the 300-day period." Id. at 118.

The law of the SJC for Massachusettts is identical. See *Ocean Spray Cranberries, Inc. v. MCAD*, 441 Mass. 632, 686 N.E.2d 1303 (2004).

In Defendant's Brief in Support of Motion for Summary Judgment, at p. 38, Defendants cite *Goodman v. Lukens Steel Company*, 482 U. S. 656 (1987) to argue that the case applies to this one. The plaintiffs agree. In *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987), the Supreme Court adopted a three year statute of limitations for discriminatory practices in failing to process discharges, in failing to assert instances of racial discrimination as grievances, and in tolerating and tacitly encouraging racial harassment.

                                                                   Respectfully submitted,

Dated: January 10, 2007                    /s/ Robert O. Berger
                                                Robert O. Berger (BBO#: 038900)
                                                11 Beacon Street, Ste. 1210
                                                Boston, MA 02108
                                                (617) 423-7575 Tel
                                                (617) 275-8000 Fax
                                                Attorney for Plaintiffs

                                                /s/ John Lee Diaz
                                                John Lee Diaz (BBO#: 542819)
                                                801A Tremont Street
                                                Boston, MA 02118
                                                (617) 445-7900 Tel
                                                Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served by electronic transfer on the attorney of record.

Dated: January 10, 2007

                                                /s/ Robert O. Berger
                                                Robert O. Berger (BBO#: 038900)