UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

"FILED IN OPEN COURT"
1-11-07

CIVIL ACTION
NO.: 04-10892-JLT

EUCLIDES SOTO, LOUIS A. MARTINEZ,
JOSE RAMIREZ, CLEMENTE HERNANDEZ,
CESAR PIZARO, ELISON PENA,
JUAN COLON, JOSE ORTIZ,
RAFAEL TORRES, ANGEL BAEZ,
ANTONIO MARTINEZ, WILFREDO ORTIZ,
EULOGIO ORTIZ, MIRRAIN MIRANDA,
RAFAEL MORENO, NELSON ACEVEDO,
and RAMON RODRIGUEZ,
        Plaintiffs,

v.

SHERMAN-FEINBERG CORPORATION,
FARNSWORTH FIBRE CORPORATION,
UNITED STEELWORKERS OF AMERICA,
LOCAL 421-U, AND UNITED STEELWORKERS
OF AMERICA,
        Defendants.

## PRETRIAL MEMORANDUM OF THE PLAINTIFFS

Pursuant to the Court's Order dated January 26, 2006, the Plaintiffs respectfully submit the following Pretrial Memorandum:

**A.**    **Trial Counsel:**

       Robert O. Berger, 11 Beacon Street, Suite. 1210, Boston, MA 02108
       (617) 423-7575 Tel

       John Lee Diaz, 801A Tremont Street, Boston, MA 02118
       (617) 445-7900 Tel

1

B.  **Matters Addressed in the Court's Pretrial Order**

1.  **Concise Summary of Evidence**

The union is guilty of discriminatory practices in failing to process discharges, maintain safety programs, having participation of the minority membership, in failing to assert instances of racial discrimination as grievances, and in tolerating and tacitly encouraging racial harassment, neglecting to bargain for plant shut down benefits. Various plaintiffs lost fingers and suffered burns of their bodies at Farnsworth while the Steelworker's were their union. Each plaintiff is Hispanic, who worked for Farnsworth. During the entire course of his employment, each was a dues-paying member of Local 421-U (District 4) of the United States Steelworkers of America.  During the entire course of their employment, the union failed to provide them with the privileges accorded to non-Hispanic union members. Although the entire work force at his job site was Hispanic, the union local failed to provide a Spanish-speaking interpreter to keep the membership appraised of issues.  The union failed to engage management in any way (including failing to file grievances) to address the issues of an unsafe workplace. The union failed to put in place any apprentice, training, or educational program at his work site.  On November 7 and 14, 2003, the first and second shifts, respectively, were laid off and shop closed. The entire shop had been placed on notice on October 31, 2004 that the shop was closing. The union did nothing to address the lay off issue, although the contract gives it the right to grieve the closing. The membership attempted to enlist the aid of the International Steelworkers Union regarding the local's complete failure to represent the membership. The International did nothing. The terms of collective bargaining agreement and the failure to bargain about the effects of the layoff were

unlawful. . The claims, thus, have no bearing on the collective bargaining agreement (CBA). In essence, the union is being called to task for taking dues from Hispanic members in a sweat-shop where fingers were lost and bodies incinerated.

2. **Facts Established by the Pleadings**

The plaintiffs contend that there are none.

3. **Contested Issues of Fact**

Defendants:

1. Whether any claims are within the relevant statutes of limitation.
2. Whether defendants were ever requested to and failed to file or pursue any grievance on behalf of any member.
3. Whether defendants could have forced the employer to pay severance pay, or otherwise prevented the plant from closing in November of 2003.

Plaintiffs:

1. Whether the defendants violated state and federal discrimination laws.
2. Whether the defendants breached their duty of fair representation under the federal law.
3. Whether the plaintiffs are entitled to back wages, front wages, emotional distress, and punitive damages.

4.  **Jurisdictional Questions**

None.

5.  **Questions Raised by Pending Motions**

The plaintiffs oppose the Motions in Limine.

- Evidence regarding state law claims that are preempted: the defendants lost this issue in summary judgment and will lose again for the reasons set forth in an opposition.
- Evidence regarding matters falling outside the relevant statute of limitations for duty of fair representation claims: This depends on the question of relevancy for trial determination.

Evidence regarding matters falling outside the relevant statute of limitations for discrimination claims: This is contrary to Supreme Court and state law and depends on an issue of relevancy. In *National Railroad v. Morgan*, 536 U.S. 101, 118 (2002) the Court held "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, do not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts

are themselves timely filed. ***Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.*** The statute of limitations requirement is still met if at least one act falls within the 300-day period."

- Unspecific testimony regarding incidents that occurred at the Farnsworth Fibre plant: This depends on the question of relevancy for trial determination.

- Evidence regarding emotional distress, punitive damages, and front pay regarding the plaintiffs' duty of fair representation claims: This depends on the question of relevancy for trial determination.

- Motion for Attachment – The plaintiffs have made a good showing for an attachment: they are likely to prevail, they know there is no insurance, and the attachment protects them if they win.

6. **Issues of Law**

None.

7. **Requested Amendments to Pleadings**

The statutory reference to reflect the pleadings at this point should be to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. In Defendant's Brief in Support of Motion for Summary Judgment, at p. 38, Defendants cite *Goodman v. Lukens Steel Company*, 482 U. S. 656 (1987) to argue that the case applies to this one. The plaintiffs agree. In *Goodman v. Lukens Steel Co.*, 482

U.S. 656 (1987), the Supreme Court adopted a three year statute of limitations for discriminatory practices in failing to process discharges, in failing to assert instances of racial discrimination as grievances, and in tolerating and tacitly encouraging racial harassment.

**8.     Additional Matters**

None.

**9.     Probable Length of Trial**

Eight days.

**10.    Witnesses to Be Called**

Lowell Alexander of Milford, MA;
Kenneth Doucette of Malden, MA;
Nelson Acevedo of Dorchester, MA;
Angel Baez of Dorchester, MA;
Miriam Caminero, Roslindale, MA;
Clemente Hernandez of Dorchester, MA;
Antonio Martinez of Jamaica Plain, MA;
Luis A. Martinez of Roslindale, MA;
Jose E. Ortiz of Dorchester, MA;
Eulogio Ortiz of Dorchester, MA;
Juan R. Colon Ortiz of Boston, MA;
Wilfredo C. Ortiz of Dorchester, MA;
Elison Pena of Dorchester, MA;
Cesar Narciso Pizarro of Dorchester, MA;
Jose D. Ramirez Dorchester, MA;
Ramon Rodriguez of Florida;
Euclides Soto of Brockton, MA; and
Rafael Torres of Dorchester, MA.
Theresa Merrill Stone, Esq. (probably her testimony will be by stipulation as it involves receipt of notices.)

11. **Proposed Exhibits**

    a. Demand on Union to bargain, March 4, 2004;

    b. Response of Union, March 18, 2004;

    c. Revised Demand of April 1, 2004;

    d. Final response of Union, April 7, 2004;

    e. Demand for financial information without follow up, November 1, 2002;

    f. Payroll Audits of Farnsworth Fibre, September 24, 2001 and November 30, 2001; -Separate pension fund collection in Trevose, Pennsylvania, i.e. not Boston area;

    g. Pay-stub of Lowell F. Alexander, March 15, 2005; i.e. high paid steelworker;

    h. MCAD Charge Forms;

    i. Amended Complaint and Demand for Jury Trial for pattern and practice of continuous discrimination (see Paragraph 24);

    j. Constitution of International Union of August 7, 2002;

Collective Bargaining Agreements and Severance Agreements

    k. Fully executed Collective Bargaining Agreement with income breakdown of Plaintiffs, dated November 1, 2002 to October 31, 2006;

    l. Collective Bargaining Agreement of November 1, 2002 to October 31, 2006 in Spanish, delivered **AFTER** collective bargaining agreement, i.e. subsequent negotiations;

    m. Pension and Severance Agreement of Rosbro Plastics Company and Local Union No. 680, February 18, 1990;

    n. Labor Agreement between Beebe Rubber Company and Local Union No. 570, United Steelworkers of America, August 1, 1998 to July 31, 2001;

o. Agreement between Sealy Mattress Company and United Steelworkers of America, AFL-CIO, CLC, Upholsterers' and Allied Industries Division, Local Union No. 421-U, 2002-2005;

Respectfully submitted,

Dated: February 24, 2006

/s/ Robert O. Berger
Robert O. Berger (BBO#: 038900)
11 Beacon Street, Ste. 1210
Boston, MA 02108
(617) 423-7575 Tel
(617) 275-8000 Fax
Attorney for Plaintiffs

/s/ John Lee Diaz
John Lee Diaz (BBO#: 542819)
801A Tremont Street
Boston, MA 02118
(617) 445-7900 Tel
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by electronic transfer on the attorney of record for each party on February 24, 2006.

Dated: February 24, 2006

/s/ Robert O. Berger
Robert O. Berger (BBO#: 038900)